UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN, and
FIRST MOUNTAIN BANCORP,

        Plaintiffs                    CASE NUMBER 1:06-cv-00079-RBW

v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

        Defendant

## DEFENDANT'S ANSWER AND JURY CLAIM

Defendant National Association of Surety Bond Producers ("NASBP") hereby responds

to the allegations of the Complaint as follows:

## FIRST DEFENSE

## PARTIES

1.      NASBP is without knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 1.

2.      NASBP is without knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 2.

3.      NASBP is without knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 3.

4.      NASBP is without knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 4.

5.      NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 5.

6.      NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 6.

7.      NASBP denies so much of Paragraph 7 as alleges that it publishes a hard copy version of its member newsletter, known as *Pipeline*. NASBP admits the remaining allegations set forth in Paragraph 7.

## JURISDICTION AND VENUE

8.      NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8, but, upon belief, denies same.

9.      NASBP denies the allegations set forth in Paragraph 9.

10.     NASBP denies so much of Paragraph 10 as alleges that NASBP committed any "tortious acts" and that plaintiffs incurred damages. Further responding, NASBP states that, in light of the December 27, 2005 order of the United States District Court for the Middle District of Florida, Tampa Division allowing NASBP's motion to transfer, venue is proper in this Court.

## FACTS

11.     NASBP admits so much of Paragraph 11 as alleges that NASBP published the April/May 2005 issue of its member newsletter, *Pipeline*, on a protected area of NASBP's website. NASBP denies the remaining allegations set forth in Paragraph 11.

12.     NASBP denies the allegations set forth in Paragraph 12.

13.     NASBP denies so much of Paragraph 13 as alleges that its April/May 2005 issue

of *Pipeline* contained a "summary" of an article (the "Article"), relating to a Criminal Alert

Notice (the "CAN") from the United States Army Criminal Investigation Division ("CID"), and

respectfully refers the Court to the full text of this issue of *Pipeline*. NASBP admits so much of

Paragraph 13 as alleges that this issue, as it appeared in a protected area on NASBP's website,

contained a link that allowed those persons with access to NASBP's website to read the Article

in its entirety. NASBP further states that this issue of *Pipeline* contained a complete copy of the

CAN. NASBP denies the remaining allegations set forth in Paragraph 13.

14.     NASBP denies so much of Paragraph 14 as alleges that the quoted language from

this issue of *Pipeline* is a "summary" of the Article. NASBP admits so much of Paragraph 14 as

alleges that this issue of *Pipeline* contains this quoted language. NASBP denies the remaining

allegations of Paragraph 14 and respectfully refers the Court to the full text of this issue of

*Pipeline*.

15.     NASBP denies so much of Paragraph 15 as alleges that the quoted language from

this issue of *Pipeline* is a "summary" of the Article. NASBP admits so much of Paragraph 15 as

alleges that this issue contains this quoted language and that, by clicking on same with their

computer "mouse", persons with access to the protected area on NASBP's website were able to

read the Article in its entirety, and further states that such persons were also able to read the

CAN in its entirety. NASBP denies the remaining allegations of Paragraph 15 and respectfully

refers the Court to the full text of this issue of *Pipeline*.

16.     NASBP denies the allegations set forth in Paragraph 16.

17.     NASBP admits so much of Paragraph 17 as alleges that this issue contains the

quoted language and that NASBP drafted this quoted language. NASBP denies the remaining

allegations set forth in Paragraph 17 and respectfully refers the Court to the full text of this issue

of *Pipeline*.

18.     NASBP admits the allegations set forth in the first sentence of Paragraph 18.

NASBP admits so much of the second sentence of Paragraph 18 as alleges that persons with

access to the protected area on NASBP's website who clicked on the phrase "criminal alert

notice" in the Article appearing in this issue were electronically transferred to another page of

NASBP's website, which contained the CAN in its entirety. NASBP denies the remaining

allegations set forth in the second sentence of Paragraph 18 and respectfully refers the Court to

the full text of the CAN. NASBP denies the allegations set forth in the third sentence of

Paragraph 18.

19.     NASBP denies the allegations set forth in Paragraph 19.

20.     NASBP admits so much of Paragraph 20 as alleges that the CAN contains the

quoted language. NASBP denies the remaining allegations set forth in Paragraph 20.

21.     NASBP admits so much of the first sentence of Paragraph 21 as alleges that the

CAN contains the quoted language. NASBP denies the remaining allegations set forth in

Paragraph 21.

22.     NASBP admits so much of Paragraph 22 as alleges that the CAN contains the

quoted language. NASBP denies the remaining allegations set forth in Paragraph 22.

## COUNT I

23.     In response to Paragraph 23, NASBP repeats and realleges its responses to

Paragraphs 1 through 22 above and incorporates them by reference as if they were fully set forth

herein.

24.    NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24.

25.    NASBP denies the allegations set forth in Paragraph 25, and respectfully refers the Court to the full text of this issue.

26.    NASBP denies the allegations set forth in the first sentence of Paragraph 26. NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 27.

27.    NASBP admits so much of Paragraph 27 as alleges that plaintiffs, through their counsel in Washington, D.C., sent Richard A. Foss of NASBP a letter dated June 6, 2005. NASBP denies the remaining allegations set forth in Paragraph 27 and respectfully refers the Court to the full text of this letter, the statements in which NASBP denies.

28.    NASBP admits so much of Paragraph 28 as alleges that NASBP, through its counsel, sent plaintiffs' Washington D.C. counsel a letter on June 9, 2005.  NASBP denies the remaining allegations set forth in Paragraph 28 and respectfully refers the Court to the full text of this letter.

29.    NASBP admits so much of Paragraph 29 as alleges that plaintiffs, through their Washington, D.C. counsel, subsequently sent NASBP's counsel additional correspondence. NASBP respectfully refers the Court to plaintiffs' Washington D.C. counsel's letter dated June 15, 2005 and respectfully refers the Court to the full text of this letter, the statements in which NASBP denies.

30.    NASBP admits so much of the first sentence of Paragraph 30 as alleges that it removed the Article and the CAN from NASBP's website on June 22, 2005, and further states that NASBP published plaintiffs' criticism of the CAN in the issue of *Pipeline* that was issued on

June 22, 2005. NASBP admits the allegations set forth in the second sentence of Paragraph 30, but denies that it was under any duty to do so, and further states that, in the June 22, 2005 issue of *Pipeline*, NASBP explained that the CAN was no longer accessible on its website because the Department of Defense had made the CAN password-sensitive. NASBP denies so much of the third sentence of Paragraph 30 as alleges that NASBP improperly published the CAN. NASBP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in the third sentence of Paragraph 30.

31. NASBP denies the allegations set forth in Paragraph 31.

32. NASBP denies the allegations set forth in Paragraph 32.

33. NASBP denies the allegations set forth in Paragraph 33.

## COUNT II

34. In response to Paragraph 34, NASBP repeats and realleges its responses to Paragraphs 1 through 22 above and incorporates them by reference as if they were fully set forth herein.

35. NASBP denies the allegations set forth in Paragraph 35.

36. NASBP denies the allegations set forth in Paragraph 36.

37. NASBP denies the allegations set forth in Paragraph 37.

38. NASBP denies the allegations set forth in Paragraph 38.

39. NASBP denies the allegations set forth in Paragraph 39.

40. NASBP denies the allegations set forth in Paragraph 40.

41. NASBP denies the allegations set forth in Paragraph 41.

42. NASBP denies the allegations set forth in Paragraph 42.

## COUNT III

43.    In response to Paragraph 43, NASBP repeats and realleges its responses to Paragraphs 1 through 22 above and incorporates them by reference as if they were fully set forth herein.

44.    NASBP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 44.

45.    NASBP denies the allegations set forth in Paragraph 45.

46.    NASBP denies the allegations set forth in Paragraph 46.

47.    NASBP denies the allegations set forth in Paragraph 47.

48.    NASBP denies the allegations set forth in Paragraph 48.

## SECOND DEFENSE

The Complaint fails to state causes of action for which relief may be granted.

## THIRD DEFENSE

The Complaint is barred by the applicable statute(s) of limitations.

## FOURTH DEFENSE

NASBP's dissemination of the CAN and the Article were privileged.

## FIFTH DEFENSE

The subject matter of the CAN and the Article was a topic of public concern, and the factual statements contained therein, even if false, which NASBP expressly denies, were fair and accurate, disseminated by NASBP without knowledge or reason to believe that they were false and disseminated by NASBP only to persons with a special interest in the information.

## SIXTH DEFENSE

The factual statements set forth in the CAN and the Article were true.

## SEVENTH DEFENSE

The factual statements set forth in the Article, even if false, which NASBP expressly denies, constituted publication of and comment on an official government action, were fair and accurate and disseminated by NASBP without knowledge or reason to believe that they were false.

## EIGHTH DEFENSE

NASBP's dissemination of the CAN and the Article was made in good faith and after the CAN had already been disseminated to the public by employees and/or agents of the United States government.

## NINTH DEFENSE

The Article did not identify plaintiffs, such that plaintiffs were not defamed or portrayed in a false light.

## TENTH DEFENSE

The factual statements set forth in the CAN and/or the Article, even if false, which NASBP expressly denies, were not defamatory to plaintiffs, such that plaintiffs' claims in COUNT I are barred.

## ELEVENTH DEFENSE

The factual statements set forth in the CAN and/or the Article, even if false, which NASBP expressly denies, did not portray plaintiffs in a false light, such that plaintiffs' claims in COUNT II are barred.

## TWELFTH DEFENSE

NASBP did not have knowledge of, or interfere with, the contractual or advantageous business relationships, if any, between plaintiffs and third persons or entities, such that plaintiffs' claims in COUNT III are barred.

## THIRTEENTH DEFENSE

NASBP did not cause plaintiffs to incur any damages as a result of its conduct, including but not limited to the dissemination of the CAN and/or the Article.

## FOURTEENTH DEFENSE

Plaintiffs' alleged damages, if any, were caused by persons or entities for whose conduct NASBP was not responsible.

NASBP HEREBY CLAIMS A TRIAL BY JURY AS TO ALL ISSUES.

Respectfully submitted,

Paul G. Roche
District of Columbia Bar No. 421471
Litchfield Cavo, LLP
40 Tower Lane
Avon, CT 06001-4222
Voice: 860-255-5577
Fax: 860-255-5566
Email: roche@litchfieldcavo.com

Eileen P. Kavanagh
Email: kavanagh@litchfieldcavo.com
Peter C. Kober
Email: kober@litchfieldcavo.com
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
Voice: 781-309-1500
Fax: 781-246-0167
Attorneys for defendant
National Association of
Surety Bond Producers