UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN, and
FIRST MOUNTAIN BANCORP,

       Plaintiffs            CASE NUMBER 1:06-cv-00079-RBW

v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

       Defendant

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SEAL DEFENDANT'S MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY AND SUPPORTING MEMORANDUM

Defendant National Association of Surety Bond Producers ("NASBP") hereby opposes the Motion to Seal Defendant's Motion to Consolidate for Purposes of Discovery and Supporting Memorandum ("Plaintiffs' Motion to Seal"), filed by plaintiffs Edmund C. Scarborough, Dr. Larry James Wright and George J. Gowen (collectively, the "Privacy Act Plaintiffs"). As grounds for this opposition, NASBP states that Plaintiffs' Motion to Seal represents the *second* attempt by plaintiffs to seal Criminal Alert Notice No. 0006-04-CID274 (the "CAN"). The United States District Court for the Middle District of Florida, Tampa Division (the "District Court in Florida"), the forum in which plaintiffs originally filed the present case, denied plaintiffs' motion for the identical relief on October 31, 2005 and plaintiffs have offered no

adequate basis for having this Court "reconsider" that earlier order. Further, Plaintiffs' Motion to Seal fails to provide adequate grounds why the relief sought is necessary and appropriate.

## INTRODUCTION

As this Court is aware, the present case is one of two cases pending in this Court that arise out of the issuance and dissemination of the CAN, which was a document, entitled "Insurance Fraud – Bonding and Surety", issued by Special Agent Christopher C. Hamblen of the Department of the Army's Criminal Investigation Division in March 2005. In the present case, plaintiffs – which include not only the Privacy Act Plaintiffs, but also International Bonding & Construction Services, Inc. ("IBCS"), The Underwriters Group ("UG") and First Mountain Bancorp ("FMB") – have alleged that, as a result of the purportedly "false" statements about plaintiffs contained in the CAN and NASBP's alleged "publication" of the CAN on NASBP's password-sensitive website, NASBP is liable to plaintiffs for $45 million in damages on theories of libel, invasion of privacy and interference with contractual and business relations.[1] In the second case, captioned *Edmund C. Scarborough, et al.* v. *Francis J. Harvey, Secretary of the Army, United States Department of the Army, et al.*, Case Number 1:05CV01427-RBW (the "*Department of Defense* Case"), the Privacy Act Plaintiffs similarly have alleged that the CAN contained "false" statements, and have further alleged that by disseminating the CAN to the public, employees and/or agents of the federal government violated 5 U.S.C. §552a (the "Privacy Act") and caused the Privacy Act Plaintiffs to incur $45 million in damages.

NASBP moved to dismiss the Complaint on October 4, 2005, and attached a copy of the CAN to its motion. On October 12, 2005, which was prior to filing their response to NASBP's

---

[1] Plaintiffs Scarborough, Wright and Gowen are the Co-Chief Executive Officer of IBCS, the President of UG and the President of FMB, respectively. The CAN contains references to the Privacy Act Plaintiffs and to IBCS and FMB. Although the CAN does not reference UG by that name, it does reference "Underwriters Reinsurance Company, Ltd." and that Wright currently operates this entity.

2

motion, plaintiffs filed a Motion for Protective Order to Seal Attachment to Defendant's Motion to Dismiss ("Plaintiffs' Motion for Protective Order"). Plaintiffs argued as follows:

> … In addition to being inaccurate, the CAN is designated for official use only by the Department of the Army. NASBP obviously knew of that designation, as it is contained at the top and bottom of each page of the CAN. Nevertheless, NASBP, apparently without making any effort to ascertain whether the CAN was accurate, re-published it and directed that publication at the very people who could do the most harm with the information – plaintiffs' competitors.
>
> Plaintiffs carefully crafted their complaint in this action to avoid exacerbating the damage done by NASBP's publication. To that end, plaintiffs did not attach the CAN to their complaint or otherwise reference its content. Now, NASBP has chosen to increase its own exposure by again re-publishing the false and defamatory document.
>
> …
>
> … This very action is predicated upon publication of the same information which NASBP now wishes to again publish. If it was false, defamatory and harmful the first time, it will be even more so when placed firmly in the public records.
>
> … the court can issue a precise order simply sealing the CAN and requiring that any reference to its content in pleadings also be sealed. There is no less onerous alternative which would satisfy the requirement of plaintiffs and the order should remain in place indefinitely unless plaintiffs are unsuccessful in proving that the allegations regarding them contained in the CAN are false.

*See* Plaintiffs' Motion for Protective Order, pp. 2-3.

Thus, plaintiffs presented essentially the same argument to the District Court in Florida that they now posit before this Court. Plaintiffs also attached as an exhibit to Plaintiffs' Motion for Protective Order the *same* July 18, 2005 letter to plaintiffs' counsel from Frank Jimenez, Deputy General Counsel (Legal Counsel) for the Department of Defense, which is attached as Exhibit "B" to Plaintiffs' Motion to Seal. Notwithstanding plaintiffs' entreaties, the District Court in Florida denied plaintiffs' request for such relief.

Given the common nexus of the two lawsuits and in order to coordinate discovery in the two lawsuits more efficiently, NASBP moved to transfer the present case to this Court on November 17, 2005. A copy of the CAN was attached to NASBP's motion to transfer. Although plaintiffs opposed NASBP's motion, they did *not* object to NASBP's use of the CAN, *i.e.*, plaintiffs did not raise any issue with respect to NASBP's "public" use of the CAN. Over plaintiffs' objection, the District Court in Florida allowed NASBP's motion to transfer on December 27, 2005. On March 7, 2006, NASBP moved to consolidate the two lawsuits for the purposes of discovery. Plaintiffs' Motion, although not a substantive response to NASBP's motion for consolidation,[2] nonetheless relates to one of the issues underlying both cases, *i.e.*, whether the CAN is or was "public".

Plaintiffs' Motion to Seal references a March 1, 2006 letter to Peter A. Hammen, "Chair of the Health and Government Operations Committee" [of the Maryland House of Representatives], from Major Patrick L. Gary, Litigation Attorney for the Department of the Army, and states that "Major Gary has further certified that the FOUO ["For Official Use Only"] designation is used for information that may be withheld from the public, that the CAN would not be releasable in response to a Freedom of Information Act request, and that it was not the intent of the Army or the Criminal Investigation Command that the CAN be made public." Other than this letter, Plaintiffs' Motion to Seal contains no information that plaintiffs did not make available – or could not have made available – to the District Court in Florida at the time they filed Plaintiffs' Motion to Seal.

For the reasons discussed below, Plaintiffs' Motion should be denied.

---

2  To date, neither plaintiffs nor the United States have filed oppositions to NASBP's motion to consolidate, although plaintiffs have requested and been granted additional time (until April 7, 2006) to do so.

4

**ARGUMENT**

I.     **THE DISTRICT COURT IN FLORIDA HAS ALREADY DENIED AN IDENTICAL REQUEST FOR RELIEF**

Plaintiffs' Motion to Seal is conspicuously silent with respect to the fact that plaintiffs have already sought – *and been denied* – the same relief that they now seek. Thus, without expressly so stating, plaintiffs are effectively seeking no less than "reconsideration" of the October 31, 2005 order endorsed by the District Court in Florida. The record does not warrant such "reconsideration".

It is important to note that the CAN has been part of the present case's court file – and therefore open to the public – since NASBP filed its motion to dismiss in early October 2005. The CAN remained part of the record throughout the time that plaintiffs unsuccessfully sought to have it sealed, *i.e.*, during the three and one-half weeks prior to the date that the District Court in Florida sanctioned the CAN remaining part of the public record with its October 31, 2005 order. Plaintiffs never sought reconsideration of that order by the District Court in Florida. Indeed, plaintiffs failed to raise the issue of the CAN remaining unsealed in their opposition to NASBP's motion to transfer, to which NASBP also attached a copy of the CAN. Thus, plaintiffs have effectively ignored the issue of the "public" nature of the CAN for a period of five months.

A motion for reconsideration of an interlocutory order is within the discretion of the Court. *Citibank (South Dakota), N.A.* v. *Federal Deposit Insurance Corporation*, 857 F.Supp. 976, 981 (D.D.C. 1994), *citing United Mine Workers of Am. 1974 Pension Trust* v. *Pittston Co.*, 793 F.Supp. 339, 344-345 D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C. Cir.), *cert. denied*, 509 U.S. 924 (1993). A mere "second attempt to 'sway the judge'" is an improper use of a motion for reconsideration and warrants denial of the motion. *Nationwide Mutual Fire Insurance Company*

v. *Pham*, 193 F.R.D. 493, 494 (S.D.Miss. 2000), *quoting* Atkins v. *Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss. 1990).

Remarkably, Plaintiffs' Motion to Seal cites no authority that could not have been called to the attention of the District Court in Florida; indeed, *Plaintiffs' Motion cites no authority whatsoever*. Thus, to the extent that Plaintiffs' Motion to Seal can logically be interpreted as expressing plaintiffs' *sub silentio* disagreement with the October 31, 2005 order of the District Court in Florida – and thereby treating the October 31, 2005 order, in effect, as if it were no more than an opponent's brief – plaintiffs have presented no legitimate basis upon which this Court should "reconsider" that order. *See* Miller v. *Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851, 853 (N.D.Ohio 2002). As the District Court observed in *Miller*:

> … Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind. 1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408.

208 F.Supp.2d 852-853.

## II.     SEALING THE CAN IS UNWARRANTED

Without expressly characterizing it as such, Plaintiffs' Motion to Seal apparently would have this Court view Major Gary's March 1, 2006 letter as "new evidence" that merits great deference and would suffice as a basis for sealing the CAN. Major Gary's letter, however, provides no more than "evidence" for the same proposition that the District Court in Florida considered, but ultimately rejected, in its October 31, 2005 order, *i.e.*, that the federal

government may not have "intended" that the CAN be made "public". As such, Major Gary's letter does not address what the District Court in Florida impliedly concluded: the CAN had, *in fact*, been released into the public domain, and an order sealing the CAN once it was within the public domain could not enter absent determination that the interest to be served by such an order outweighed the "strong presumption in favor of public access to judicial proceedings." *Cobell* v. *Norton*, 157 F.Supp.2d 82, 88 (D.D.C. 2001), *citing Johnson* v. *Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991).

In *Johnson*, the Circuit Court for the District of Columbia identified the following factors that warranted consideration in determining whether to restrict public access to judicial proceedings: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing closure; and (6) the purposes for which the documents were introduced. 951 F.2d at 1277 n. 14, *citing United States* v. *Hubbard*, 650 F.2d 293, 317-322 (D.C. Cir. 1980). Plaintiffs' Motion to Seal provides no basis for the Court concluding that these factors weigh in favor of sealing the CAN.

There is a "strong presumption in favor of public access to judicial proceedings." *Johnson*, *supra* at 1277. This presumption may be overcome only upon demonstration of compelling reasons why it should not be observed. *The Washington Post* v. *Robinson*, 935 F.2d 282, 287 (D.D.C. Cir. 1991), *citing Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 606-607 (1982). The CAN was issued by an employee/agent of the federal government – and subsequently disseminated by other employees and/or agents of the federal government before it ever reached NASBP – and addressed an issue of significant public interest, *i.e.*, the

government's concern about and investigation into the fraudulent activities of individual sureties who marketed their services to contractors bidding on government contracts. Under the circumstances, the public has a bona fide interest in having continued access to the CAN. *See Cobell*, *supra* at 89, *citing United States* v. *Beckham*, 789 F.2d 401, 413 (6th Cir. 1986)("when the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records.")

The second *Johnson* factor, *i.e.*, the extent to which the public has already had access to the CAN, also strongly weighs against sealing the CAN at this time. Whatever may have been the "intent" of the federal government at the time that it originally issued the CAN, the CAN has now been in the public domain for five months. Plaintiffs not only sought no appellate review of the October 31, 2005 order, they seemingly resigned themselves to their fate thereafter, by *not* objecting to NASBP's reference to and attachment of the CAN as part of NASBP's motion for transfer. Plaintiffs' Motion to Seal fails to mention this vital consideration. "Once again, the balance tilts in favor of disclos[ure] … ." *Cobell*, *supra* at 91.

With regard to the third *Johnson* factor, the Privacy Act Plaintiffs have admittedly voiced their objection to the CAN remaining part of the court file in the present case by filing Plaintiffs' Motion to Seal. IBCS, UG and FMB, however, have not joined in that motion, and given their close relationship to the Privacy Act Plaintiffs, their failure to do so renders "unpersuasive" the objection interposed by the Privacy Act Plaintiffs. *Cobell*, *supra* at 91. Moreover, although the Privacy Act Plaintiffs have raised an objection at this juncture, their inaction over the course of the five months since the October 31, 2005 order – including their failure to raise the issue of the CAN's status as a document in the public domain in their opposition to NASBP's motion for transfer – "cuts sharply against the validity" of their objection. *Cobell*, *supra* at 91 n. 12.

The fourth and fifth *Johnson* factors similarly favor the CAN remaining within the public domain. Plaintiffs' Motion to Seal states no more than that the CAN contains "sensitive information about the Plaintiffs", [unnumbered] p. 2, a reference that hardly constitutes "an articulable factual basis showing a compelling reason for sealing the document." *Blades* v. *Gitt*, 2006 WL 726893 (D.Ariz., March 17, 2006). To the extent that plaintiffs' concern is that the continued presence of the CAN in the court file "would result in 'fodder for gossip' and damage to [their] business[,]" such potential for "embarrassment" is insufficient to warrant sealing the CAN. "Injury to a company's public image alone, however, is not enough 'to rebut the presumption of access.'" *Blades*, *supra*, *quoting Republic of the Philippines* v. *Westinghouse Electric Corp.*, 949 F.2d 653, 663 (3d Cir. 1991). Plaintiffs have identified no specific "injury" that is likely to befall them if the CAN is left unsealed, and "[t]he Court may not grant protection solely 'on the basis of unsupported hypothesis or conjecture.'" *Id.*, *quoting Hagestad* v. *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

With regard to the sixth *Johnson* factor, NASBP submitted the CAN as part of its motion for consolidation for the same reason it submitted the CAN as part of its motion to dismiss and motion for transfer, *i.e.*, to provide the Court with a document that was relevant to assessing the merits of those motions. The October 31, 2005 order clearly permitted NASBP to do so. Given that circumstance, "there is no compelling reason why this factor should not further sway the balance in favor of disclosure." *Cobel*, *supra* at 91.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Seal should be denied.

       Respectfully submitted,


       /s/ Paul G. Roche
       Paul G. Roche
       District of Columbia Bar No. 421471
       Litchfield Cavo, LLP
       40 Tower Lane
       Avon, CT 06001-4222
       Voice:  860-255-5577
       Fax:  860-255-5566
       Email: roche@litchfieldcavo.com

       Eileen P. Kavanagh
       Email: kavanagh@litchfieldcavo.com
       Peter C. Kober
       Email: kober@litchfieldcavo.com
       Litchfield Cavo, LLP
       6 Kimball Lane
       Lynnfield, MA 01940
       Voice:  781-309-1500
       Fax:  781-246-0167
       Attorneys for defendant
       National Association of
       Surety Bond Producers

Dated:  April 6, 2006

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that April 6, 2006 I electronically filed the Defendant's Opposition To Plaintiffs' Motion To Seal Defendant's Motion To Consolidate For Purposes Of discovery And Supporting Memorandum with the Clerk of the Court using the CM/ECF System which will send a notice of Electronic Filing to the following:

Lawrence Schor, Esquire
MCMANUS, SCHOR, ASMAR & DARDEN, L.L.P.
1155 15th Street, NW
Suite 900
Washington, DC 20005
(202) 296-9260
202-659-3732 (fax)

                                           /s/ Paul G. Roche
                                           Paul G. Roche