UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN and
FIRST MOUNTAIN BANCORP,

        Plaintiffs,                  CASE NO. 1:06-cv-00079-RBW

v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

        Defendant.

_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO NASBP'S MOTION TO CONSOLIDATE DISCOVERY AND
PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF
LAW TO RE-TRANSFER THIS CASE TO THE MIDDLE DISTRICT OF FLORIDA**

Plaintiffs, Edmund C. Scarborough, et al. (collectively "Scarborough") file this memorandum of law in opposition to National Association of Surety Bond Producer's ("NASBP") Motion to Consolidate for Purposes of Discovery. The motion should be denied as (1) there are no common factual or legal issues between this case (the "NASBP Case") and Scarborough's case against the Department of Defense and Department of the Army (the "Department of Defense Case"), (2) the information NASBP seeks has already been produced or is easily obtainable without consolidation and (3) this case was improperly transferred here at NASBP's urging.

## SUMMARY OF ARGUMENT

NASBP's motion for consolidation should be denied because the facts and legal issues in the Department of Defense Case, which allege a Privacy Act violation related to Criminal Alert

Notice, No. 0006-04-CID274 (the "CAN"), are unrelated to the facts and legal issues in the NASBP Case, as set forth in the table below. Additionally, consolidation is not required as NASBP and Scarborough previously exchanged the documents each side relies upon to support their respective claims and defenses, and NASBP can obtain documents from the Department of Defense pursuant to applicable Federal Rules of Civil Procedure and other government regulations.

Consolidation is also not required for NASBP to be able to depose government witnesses. Procedural rules and government regulations exist which allow such discovery, without the need for consolidation. If consolidation were permitted for NASBP to depose government witnesses, Scarborough (and the federal government) would be inconvenienced as Privacy Act requirements would mandate that NASBP obtain the permission of this Court and others before certain information could be elicited in its presence. Finally, NASBP will suffer no undue prejudice if consolidation is denied because regardless, NASBP would still be required to (i) depose certain government witnesses at least once, (ii) issue subpoenas and (iii) travel to where the witness' reside.

Concurrent with denying NASBP's motion for consolidation, Scarborough requests that this matter be re-transferred to the United States District Court for the Middle District of Florida (the "Middle District"). NASBP previously requested the Middle District of Florida to transfer this matter to the District Court for the District of Columbia. At that time, NASBP stated that "the *sole purpose* for which NASBP seeks the proposed transfer is to facilitate the eventual *consolidation* with the "Department of Defense Case." (e.s.)

The Middle District's December 27, 2005 Order transferring the matter indicated that "Judge Walton will determine if the cases are appropriate for consolidation, or if [the NASBP

Case] should eventually be returned to the Middle District . . .". A copy of that order is attached as Exhibit 1. Now, NASBP takes a one-hundred and eighty degree turn and states that it only wants to consolidate for *purposes of discovery.* Consequently, the case was transferred here without the proper procedural steps being taken under 28 U.S.C. §1407. Once the motion to consolidate for discovery is denied, binding precedent supports transferring the case back to the Middle District of Florida.

## MEMORANDUM OF LAW IN OPPOSITION TO CONSOLIDATION

### I.  Standard for Consolidation.

Federal Rule of Civil Procedure 42 addresses the consolidation of actions pending before the same Court. *Santucci v. Pgnatello*, 188 F.2d 643, 645 (D.C. Cir. 1951). To determine if consolidation is proper, for pretrial proceedings or for all purposes, the Court is to consider whether (1) there are common questions of fact and (2) consolidation will avoid unnecessary costs. *Fireman's Ins. Co. of Newark, N.J. v. Keating, et al.*, 753 F.Supp. 1137, 1140-41 (S.D. N.Y. 1990). Even if common issues exist, the court should not consolidate cases for any purpose if confusion or prejudice would result which outweighs any efficiency gained. *International Paving Systems, Inc. v. Van-Tulco, Inc.*, 806 F.Supp. 17, 22 (E.D. N.Y. 1992); *Fireman's Insurance Co.*, 753 F.Supp. at 1141.

The existence of common legal and factual questions is a prerequisite to any form of consolidation. *In re Prudential Securities Inc., Ltd. Partnerships Litigation*, 158 F.R.D. 562, 570 (S.D. N.Y. 1994); *see also Vance v. City of Nacogdoches, TX*, 198 F.Supp.2d 858 (D.C. Tex. 2002) (consolidation not proper as parties brought different claims and sought different remedies); *Sidari v. Orleans County*, 174 F.R.D. 275 (D.C.N.Y. 1996) (consolidation not proper where each case included a defendant not named in the other action); *Olivier v. Humble Oil &*

*Refining Co.*, 225 F.Supp. 536, 539 (E.D. La. 1963) (while suits involved some of same parties, consolidation improper as one case dealt with title to certain property and the other dealt with ownership rights related to other property). Such commonality does not exist between the NASBP Case and the Department of Defense Case.

II.  **There Are No Common Factual and Legal Issues To Support Consolidation.**

In the Department of Defense Case, Scarborough sued for damages caused due to Privacy Act violations. In this case, Scarborough sues NASBP for (i) defamation, (ii) invasion of privacy and (iii) intentional interference with contractual relations. The table below identifies the elements for each cause of action.

|  | *Privacy Act Case (Dept. of Defense)* | Defamation (NASBP) | Invasion of Privacy (NASBP) | Intentional Interference With Contractual Relations (NASBP) |
|---|---|---|---|---|
| **Elements** | *1. Government agency failed to maintain records;*<br><br>*2. Government did so intentionally;*<br><br>*3. Consequently, an adverse determination was made against the person referenced in public records.*[1] | 1. NASBP published a false statement about Scarborough;<br><br>2. The statement was published to a third party; and<br><br>3. The publication of the statement injured Scarborough.[2] | 1. NASBP disseminated information that violated Scarborough's right to be let alone and to live a life free from unwanted publicity.[3] | 1. The existence of a business relationship;<br><br>2. NASBP's knowledge of the relationship;<br><br>3. NASBP's intentional and unjustified interference with the relationship and;<br><br>4. Damages to the plaintiff.[4] |

---

[1] *See* 5 U.S.C. §552(a)(g)(4)(a); *see also Toolasprashad v. Bureau of Prisons, et al.*, 286 F.3d 576, 583 (D.D.C. 2002).
[2] *See e.g., Razner v. Wellington Regional Medical Ctr.*, 837 So.2d 437, 442 (Fla. 4th DCA 2002).
[3] *See Harms v. Miami Daily News, Inc.*, 127 So.2d 715, 717 (Fla. 3d DCA 1961).
[4] *See e.g., Sobi v. Fairfield Resorts, Inc.*, 846 So.2d 1204, 1207 (Fla. 5th DCA 2003).

4

The lack of common issues is apparent.

A Privacy Act violation will primarily be established through information in the federal government's files and testimony from government employees concerning, among other things, *why the files were not changed*. Plaintiffs are also required to present evidence concerning the government's motivation in connection with its failure to properly maintain its records. Those issues are of no consequence to the instant action.

Scarborough's case against NASBP for defamation, false light and invasion of privacy is centered on NASBP's *independent commentary on its website concerning what NASBP believed* the CAN meant and NASBP's republication of the CAN. Also critical is that the information NASBP disseminated was intended to reach a specific audience – Scarborough's competitors in the surety business.[5] What the government did and/or failed to do is unrelated to NASBP's independent editorial comments, publication of the statements to competitors and the resultant damage to Scarborough's reputation.

NASBP tries to establish commonality by focusing only on where the plaintiffs and witnesses live and what they do. NASBP Mtn. Pg. 2. Those facts, however, have nothing to do with the appropriate inquiry under Rule 42.

NASBP fails to appreciate the gravamen of Scarborough's case against NASBP. This is evidenced by the statement on page 3 of its motion that "Both the NASBP Case and the Department of Defense case reference and allege claims arising out of a common event, i.e., the dissemination of…the CAN." That statement is simply wrong. The Department of Defense case, as noted above, focuses on the government's record keeping process. The appropriate areas of

---

[5] The recipients NASBP intended to influence is also an essential element of Scarborough's intentional interference cause of action.

inquiry in that matter are almost exclusively government related. Those same government activities are of no consequence to the NASBP case. How NASBP came to possess the CAN is of no consequence; what they did *with it* is key. NASBP's independent statements concerning its interpretation of the CAN, and NASBP's decision to disseminate the CAN directly to Scarborough's competitors are the focus of the instant action. Those matters are irrelevant to the Department of Defense case. Further, if there is a question as to how NASBP obtained the CAN, which was labeled "For Official Use Only," that question can only be answered by NASBP witnesses, not government employees.

### III. Consolidation Would Complicate, Not Facilitate Discovery.

    *A.    The Parties Previously Exchanged Documents Supporting Their Respective Claims and Defenses.*

While this case was in the Middle District, Scarborough and NASBP filed their respective Rule 26(A) Disclosures and submitted a Case Management Schedule. Nevertheless, NASBP requests consolidation to facilitate the exchange of documents. NASBP Mtn. Pg. 7. NASBP conveniently ignores that the October 19, 2005 Case Management Report, attached as Exhibit 2, confirmed that the parties agreed to exchange all information required under Federal Rule of Civil Procedure 26(a)(1)(A) through (D) (i.e., witness names and addresses, supporting documentation, damages calculation and insurance agreements).

On November 4, 2005, NASBP confirmed that it furnished Scarborough with all documents that support NASBP's defenses. *See* Exhibit 3. Likewise, on November 22, 2005 Scarborough furnished documents to NASBP that support Scarborough's claims. *See* Exhibit 4. This exchange accomplished the very purpose that NASBP's motion seeks here – the free exchange of documents supporting each party's respective case.

> B.  *NASBP Is Free to Utilize Discovery Rules to Obtain Information from the Government.*

NASBP urges this Court to consolidate discovery so it can obtain information from the government in an expedited fashion. Convenience to NASBP alone is legally insufficient to support consolidation. *In re Prudential Securities Inc.*, 158 F.R.D. at 570. Nevertheless, NASBP contends that consolidation is required to eliminate the inconvenience NASBP will endure to obtain information from the Department of Defense and/or the Department of the Army, citing 32 CFR §516 Subpart G in support. However, a review of these regulations confirms that NASBP will not face any additional burden in obtaining material from the Department of Defense and/or the Department of the Army if the Court denies the motion for consolidation.

Section 516.41(d) provides that if information is sought from the Department of the Army, "[i]ndividuals seeking official information must submit, at least 14 days before the desired date of production, a specific written request setting forth the nature and relevance of the information sought." Section 516.47 authorizes Department of Defense counsel to respond to subpoenas issued in connection with private litigation. Nothing about this procedure unduly prejudices NASBP or differs from what is required under Federal Rule of Civil Procedure 34(c) as it relates to the inspection of a non-party's documents. The procedure in 32 CFR §516, et seq. may actually favor NASBP because under Section 516.41(d) the government will respond to a request for information within fourteen days as opposed to the thirty days set forth in Rule 34(c).

It is worth noting that NASBP's motive to consolidate discovery may be to avoid complying with §516.46(b), which addresses requests for information protected under the Privacy Act. Under §516.46(b), such information cannot be produced "without the written consent of the subject of records or 'pursuant to the order of a court of competent jurisdiction.'"

Those Privacy Act requirements are vital protections for persons in Scarborough's position, and should not be abrogated. Indeed, nothing in §516.46 suggests that the rules are different if cases are consolidated for discovery, so this motivation is of no consequence. Consolidation cannot be used to circumvent federal law governing the disclosure of information.

Indeed, NASBP has two procedures available to obtain government documents not affected by the Privacy Act. It may utilize the Freedom of Information Act or issue a third-party subpoena. *United States Environmental Protection Agency v. General Electric Co.*, 197 F. 3d 592 (2d Cir. 1999) (party can utilize FOIA or subpoena government records and depose government personnel through available procedural channels). Consolidation has no effect on those procedures.

### C. *Depositions Should Be Taken Separately*

As in any civil proceeding, a party like NASBP is free to depose non-party witnesses. Fed. R. Civ. Pro. 30. Consolidation is not necessary for NASBP to take the depositions it deems necessary. Just as with the production of documents, §516.41(d) sets forth the procedure afforded to parties like NASBP which seek to depose Department of Defense and/or Department of the Army witnesses regarding official matters. Section 516.47 provides that a witness's involvement in private litigation (like the NASBP Case) is a private matter unless it involves official information. To the extent official information is sought, the procedures set forth in §§516.41(d) and 516.47 apply, regardless of whether there is consolidation for discovery.

Contrary to NASBP's motion, NASBP would not save any money or time if depositions were consolidated with the Department of Defense Case. With or without consolidation, NASBP will be required to subpoena any government witness it wishes to depose. In the case of

witnesses who reside more than 100 miles away from the District of Columbia, NASBP will have to travel to their location with or without consolidation.

NASBP cited 12 individuals in its motion. It is interesting to note that none of these potential witnesses is identified by Scarborough. In effect, NASBP is creating its own inconvenience, then seeking to capitalize on it. Seven of the witnesses identified by NASBP are government employees. Four of those witnesses reside more than 100 miles from the District – **Mr. Hamblen** resides in Phoenix, Arizona and **Col. Stephen Smith, Mrs. Urey** and **Mrs. Montes** reside in Texas. As for the remaining three -- Lt. Col. Feck, Mr. Guerra and Mr. Hanson, NASBP failed to identify any address as required under the Rule 26(a)(1) disclosure; thus, these individuals may also fall outside the 100 mile range. Consolidation will not minimize any cost or inconvenience to NASBP as it will have to incur costs to subpoena these individuals and travel to depose them.

Additionally, regardless of consolidation, NASBP will be required to take the depositions it wants of government witnesses at least once. The only duplicitous effort will be borne by Scarborough, who may be involved in two depositions of the same witness. However, Scarborough is willing to undertake this expense, as it will allow for issues to be properly segregated in deposition and allow for compliance with Rule 30(d)(2)'s requirement that witnesses only be deposed once and within seven hours in a particular action. If these matters are consolidated, it is highly unlikely Rule 30(d)(2)'s parameters could be upheld, resulting in otherwise unnecessary judicial involvement in the discovery process.

Consolidation should also be denied because there is certain information that could be elicited during the deposition of a government witness that will violate the Privacy Act if NASBP is in the room. That same information could be discussed freely between the

government and Scarborough. If every time such issues arise, the parties have to debate whether NASBP must be excluded or, in the absence of agreement, file motions for protective orders before this Court, all parties would incur additional expenses and this Court's time would be taken up by numerous discovery disputes. Such disputes are unlikely if consolidation is denied.

The bottom line is that there are no good reasons to consolidate these matters for any purpose, and several good reasons not to do so. NASBP's motion should be denied.

## MOTION TO RE-TRANSFER AND INCORPORATED MEMORANDUM OF LAW

Concurrently with denying the motion for consolidation, Scarborough requests that this Court re-transfer this matter to the Middle District of Florida because the circumstances that previously supported transfer have changed. Specifically, NASBP no longer seeks to consolidate this matter with the Department of Defense Case for trial.

### I.   Binding Precedent Supports Re-Transferring This Matter.

Section 1404(a) authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). Such matters are decided based on a case by case consideration of convenience and fairness. *Liban v. Churchey Group, II, LLC*, 305 F.Supp.2d 136, 139 (D.D.C. 2004). The moving party bears the burden of establishing that transfer is proper. *Id.*

A motion for re-transfer is appropriate if the circumstances initially supporting transfer change. *Russell v. IU International Corp.*, 685 F.Supp. 172, 175 (N.D. Ill. 1988); *see also Wells v. Liddy*, 115 F.Supp. 2d 1, 1-2 (D.D.C. 2000). In *Russell*, the basis for transferring a defamation case from the Middle District of Florida to the Northern District of Illinois was to consolidate cases for trial. Ultimately, consolidation did not occur, as the District Judge in Illinois determined it was not proper. The Illinois Court's decision amounted to a changed circumstance

that supported re-transferring the case back to the Middle District of Florida. *Id.* at 176 (denial of consolidation frustrates original purpose of transfer and justifies re-transfer).

Similarly, in *Wells,* once consolidation with another matter for trial did not occur, this Court deemed it best to retransfer the case to the original court because the transferor court had familiarized itself with the case. 115 F.Supp.2d at 1. An important factor that supported this Court's *sua sponte* determination in *Wells* was that the original trial judge had scheduled the matter for trial. *Id.* at 1-2 (where sole reason supporting original transfer was consolidation for trial, proper to re-transfer once consolidation did not occur). As should occur here, the judge in *Wells* re-transferred the case to Maryland, even though the plaintiff wanted to stay in the District of Columbia.

Similarly, this Court should re-transfer the case to the Middle District. Just as in *Russell*, NASBP no longer seeks to consolidate the NASBP Case with the Department of Defense Case for trial. This is precisely what Judge Moody envisioned could happen when he entered his December 27th Order, as he included language, that based on what occurred regarding consolidation, the case could eventually be returned to Florida.

The Middle District of Florida, much like this Court determined in *Wells*, has become intimately familiar with the NASBP Case issues. Before NASBP filed its Answer, it moved to dismiss Scarborough's Complaint and raised numerous legal issues that tested Scarborough's three causes of action. The Court issued its ruling denying that motion after review of lengthy legal memoranda from both parties. The Middle District also scheduled this matter for trial in September 2006 and set a discovery schedule concerning the exchange of documents, deadlines for depositions and expert disclosures. Accordingly, as occurred in *Wells*, this Court should re-transfer this matter to the Middle District as the current circumstances no longer warrant having

this action before the District Court for the District of Columbia.[6] *See also, Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *Liban v. Churchey Group, II, LLC*, 305 F.Supp.2d 136, 141 (D.D.C. 2004) (substantial deference afforded to plaintiff's chosen forum).

## II. The Court Should Not Condone NASBP's Tactics to Avoid the Judicial Panel on Multidistrict Litigation.

The only reason this Court can consider NASBP's Rule 42 motion for consolidation is because the Middle District of Florida transferred the NASBP Case to this Court. NASBP moved for transfer pursuant to 28 USC §1404 and stated that:

> [U]pon transfer, [NASBP] intends to seek consolidation of the NASBP Case with [the Department of Defense Case], which is pending in the District of Columbia and which shares common plaintiffs, common issues of fact and common percipient witnesses with the NASBP Case. Thus, notwithstanding that these two cases involve different defendants and different theories of liability, consolidation pursuant to Fed.R.Civ.P. 42(a) is necessary and appropriate, and ***transfer of the NASBP Case is an indispensable first step toward such consolidation.***" (Emphasis added)

NASBP Mtn. Transfer Pg. 1. NASBP added at Page 6 that transfer and "subsequent consolidation with the Department of Defense Case in the District of Columbia would greatly facilitate the process by which NASBP can obtain access to such discovery."

If NASBP only wanted to transfer the NASBP Case here so the Court could consolidate the matter with the Department of Defense Case for discovery, NASBP was required to comply with 28 U.S.C. §1407. Section 1407 sets forth the procedure for consolidating cases pending in ***different Federal Districts*** to conduct, among other things, discovery. By misrepresenting to the Florida Court that it wanted transfer for purposes of full consolidation, NASBP circumvented

---

[6] NASBP agreed that venue was proper in Florida, as it never moved to dismiss on that basis.

Section 1407's requirements and prejudiced Scarborough and the defendants in the Department of Defense Case.

28 U.S.C. §1407 created "special procedures allowing the . . . transfer of pending causes of action from one district to another district for pretrial purposes only." *In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 880 (D.C. Cir. 1981). Congress indicated that:

> [T]he possibility for conflict and duplication in discovery and other pretrial procedures in related cases [could] be avoided or minimized by centralized management. To accomplish this objection the [statute] provides for the transfer of venue of an action for the limited purpose of conducting coordinated pretrial proceedings.

*Id.* at 880, *citing* H.R. Rep. No. 1130, 90th Cong., 2d Sess. 2 (1968).

The Judicial Panel on Multidistrict Litigation considers such requests and may transfer a matter(s) for consolidated discovery if the movant establishes that there are common questions of fact, and it would serve the overall convenience of the parties and witnesses, and promote just and efficient conduct of litigation. 28 U.S.C. §1407; *See, In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3*, 405 F.Supp. 1304, 1306 (J.P.M.L. 1976) (two simple negligence actions did not warrant transfer). Such a determination is made only after affording all the parties (which in this matter would include the Department of Defense and Department of the Army as well as NASBP and Scarborough) the opportunity to appear at a hearing and present evidence. Scarborough and the Department of Defense were deprived of their right to an evidentiary hearing before the multidistrict panel because NASBP did not accurately state its intention to the lower court. This Court should not reward this inappropriate tactic by NASBP. At the least, it is unfair to Scarborough and others deprived of their right to an evidentiary hearing; at the worst, this sort of approach could open the floodgates for parties who seek to avoid the procedural requirements and substantive rights Section 1407 affords litigants.

## CONCLUSION

Consolidation should not be granted as there are no common legal and factual issues between this case and the Department of Defense Case. Consolidation would only complicate discovery. Further, denying NASBP's motion would not affect NASBP adversely as it would still be required to issue subpoenas and travel to other states to depose government witnesses as required under Rule 45.

The motion for consolidation should be denied and this matter should be transferred back to the Middle District of Florida as the sole basis relied upon for transfer is no longer present.

Respectfully submitted,

/s/ Michael A. Piscitelli, Esq.
Michael A. Piscitelli, Esq.
D.C. Bar No: TX0034
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, Florida 33301
Phone: 954-728-1270
Fax: 954-728-1271
E-Mail: mpiscitelli@vlplaw.com

Attorneys for Edmund C. Scarborough, International Bonding & Construction Services, Inc., Dr. Larry James Wright, The Underwriter's Group, George James Gowen and First Mountain Bancorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to the following:

Peter Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
781-309-1500; 781-246-0167 Facsimile
Attorneys for Defendant.

Laurence Schor, Esq.
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, DC 20005
202-296-9260; 202-659-3732 Facsimile

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895; 202-514-8780 Facsimile

/s/ Michael A. Piscitelli, Esq.
Michael A. Piscitelli, Esq.