## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDMUND C. SCARBOROUGH, et al.,**

      **Plaintiffs,**

v.                                                  **Case No. 8:05-cv-1544-T-30TBM**

**NATIONAL ASSOCIATION OF SURETY
BOND PRODUCERS,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Transfer for Purpose of Consolidation (Dkt. # 23), Memorandum of Law in Support of Defendant's Motion to Transfer for Purpose of Consolidation (Dkt. # 24), and Plaintiffs' Memorandum of Law in Opposition to National Association of Surety Bond Producer's Motion to Transfer (Dkt. # 26). The Court, having considered the motion and memoranda, and having conferred with the Honorable Reggie B. Walton, finds that the motion should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED THAT:

1.     Defendant's Motion to Transfer for Purpose of Consolidation (Dkt. # 23) is **GRANTED.**

2.     Because this case involves questions of law or fact common to those in *Edmund C. Scarborough, et al., v. Francis J. Harvey, Secretary of the Army and Donald H. Rumsfeld, Secretary of Defense,* Case No. 1:05-cv-1427, currently pending before the Honorable Reggie B. Walton in the United States District Court for the District



EXHIBIT

*1*

of Columbia, the Clerk is directed to **TRANSFER** this case to Judge Reggie B.

Walton, with Judge Walton's consent, for all further proceedings.

3.  Judge Walton will determine if the cases are appropriate for consolidation, or if this

case should eventually be returned to the Middle District of Florida for dispositive

motions or trial.

4.  Defendant's Motion to Dismiss (Dkt. # 6) is DENIED. The Court finds that these

issues are more appropriate for summary judgment.

5.  The Clerk is directed to administratively close this case and terminate all pending

motions.

**DONE** and **ORDERED** in Tampa, Florida on December 27, 2005.

**JAMES S. MOODY, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of Record
Courtroom Deputy

S:\Even\2005\05-cv-1544.transfer to DC dist court.wpd

Case 8:05-cv-01544-JSM-TBM   Document 21-2   Filed 08/22/2005   Page 2 of 13
Case 1:06-cv-00079-RBW   Document 18-2   Filed 04/07/2006   Page 3 of 22
Case 8:05-cv-01544-JCM-TBM   Document 12   Filed 10/13/2005   Page 1 of 10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EDMUND C. SCARBOROUGH, et al.

Plaintiffs,

v.

NATIONAL ASSOCIATION OF SURETY BOND
PRODUCERS

Defendant.

Case No.: 8:05-cv-1544-T-30TBM

_____

## CASE MANAGEMENT REPORT

1.  Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _10/14/05_ (date) at _10:00 A.M._ (time) (check one)  X ) by telephone (or) (__) at _____ _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Mike Piscitelli | Plaintiffs |
| Rodney Runyons | Defendant |


2.  Initial Disclosures:

a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as

EXHIBIT

2

tabbies

under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

____X____    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before __ Nov. 4, 2005 (date).[2]

_____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____

_____

_____

_____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____

_____

_____

3.    Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery plan:

a.    Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

Case Management Report
Page 3

effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Rev: 4/01

Case Management Report
Page 4

(4) Oral Depositions:

Issues and defenses raised by the pleadings as
permitted by the Federal Rules of Civil Procedure and
Local Rules of Court and this case management
order.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with
Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions
per side may be taken in any case unless otherwise ordered by the Court."
Any request by Plaintiff to exceed this limit must be made in paragraph 6
below and approved by the court.

Time Permitted for Each Deposition:   Each deposition is limited to one
day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless
extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the
deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      | N/A                           |         |

(cont'd)

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|

Rev: 4/01

Case 1:06-cv-00079-RBW   Document 18-2   Filed 04/07/2006   Page 7 of 22
Case 8:05-cv-01544-JSM-TBM   Document 42   Filed 04/07/2006   Page 7 of 22
Case Management Report
Page 5

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Initial   - February 6, 2006
Rebuttal - April 6, 2006

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

As soon as practicable after party has knowledge thereof.

d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before   June 9, 2006   _ (date).

4.   Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:
Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:
Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Case 8:05-cv-01544-JSM-TBM   Document 18-2   Filed 04/27/2006   Page 8 of 22
Case 1:06-cv-00079-RBW   Document 18-2   Filed 04/27/2006   Page 8 of 22

Case Management Report
Page 6

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

(4) Oral Depositions:

Issues and defenses raised by the pleadings as permitted by the Federal Rules of Civil Procedure and Local Rules of Court and this case management order.

Case Management Report
Page 7

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
| N/A  |                               |         |

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Initial    - March 7, 2006
Rebutttal - May 8, 2006

c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

As soon as practicable after party has knowledge thereof.

d. Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before June 9, 2006)).

5.    Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of

Rev: 4/01

Case 1:06-cv-00079-RBW    Document 18-2    Filed 04/07/2006    Page 9 of 22
Case 8:05-cv-01544-JSM-TBM    Document 12    Filed 10/19/2005    Page 9 of 10
Case 8:05-cv-01544-JSM-TBM    Document 2-1    Filed 08/22/2005    Page 10 of 13

Case Management Report
Page 9

the jurisdiction of the United States Magistrate Judge for final disposition, including trial.
See 28 U.S.C. § 636.
_____ yes    __X__ no    _____likely to agree in future

10.    Preliminary Pretrial Conference:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial
conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
_ _request (check one)
_X_ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling
Order in this Track Two case. Unresolved issues to be addressed at such a conference
include:

11.    Final Pretrial Conference and Trial: Parties agree that they will be ready
for a final pretrial conference on or after Aug. 25, 2006 (date) and for trial on or after Sept. 4, 2006
_____(date). This Jury _X_ Non-Jury ___ trial is expected to take approximately _40_
hours.

12.    Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge
that they are aware of and will comply with pretrial disclosures requirements in Fed. R.
Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.    Other Matters:

        None at this time.

                                    Date:    October 18, 2005
                                    _____

Case 1:06-cv-00079-RBW    Document 18-2    Filed 04/07/2006    Page 11 of 22
Case 8:05-cv-01544-JSM-TBM    Document 12    Filed 10/05/2005    Page 8 of 16
Case 8:05-cv-01544-JSM-TBM    Document 2-1    Filed 08/22/2005    Page 9 of 13

Case Management Report
Page 8

privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

> Parties shall comply with any court order entered sealing documents in this case. When authenticity is not at issue, copies in lieu of originals may be used. Objections at depositions shall be limited to form and privilege without further comment unless requested.

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be . <sub>(Note the time limit in Local Rule 4.03.)</sub>

Motions for leave to file third party claims and motions
to join parties  –   January 15, 2006
Motions for summary judgment and all other dispositive
motions          –   July 10, 2006

8.    <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely            (check one)
 X  unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).    _____yes    _X_no    _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida,  mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.    <u>Consent to Magistrate Judge Jurisdiction</u>:  The parties agree to consent to

Case Management Report
Page 10

s/ Mike Piscitelli, Esq.
Mike Piscitelli, Esq.
Florida Bar No. 364967
Attorney for Plaintiffs
Vezina, Lawrence & Piscitelli, P.A.
350 E. Las Olas Blvd., Suite 1130
Fort Lauderdale, FL 33301
954-728-1270;  954-728-1271 FAX
mpiscitelli@vlplaw.com


s/ J. Rodney Runyons, Esq.
J. Rodney Runyons, Esq.
Florida Bar No. 322482
Attorney for Defendant
Litchfield Cavo, LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, FL 33609
813-289-0690;  813-289-0692 FAX
runyons@litchfieldcavo.com
/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: J. Rodney Runyons, Esq., Litchfield Cavo, LLP, runyons@litchfieldcavo.com.

s/ Mike Piscitelli, Esq.
Mike Piscitelli, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN, and
FIRST MOUNTAIN BANCORP,

    **Plaintiffs**       **CASE NO. 8:05-cv-1544-T-30TBM**

**v.**

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

    **Defendant**

<u>**DEFENDANT'S RULE 26 (a)(1) DISCLOSURE**</u>

Pursuant to and in accordance with Rule 26 (a)(1) of the Federal Rules of Civil

Procedure, defendant National Association of Surety Bond Producers ("NASBP") hereby makes

the following initial disclosures:

(A) <u>**Individuals Likely To Have Discoverable Information That NASBP May Use**</u>
<u>**To Support Its Defenses**</u>

    1.  Christopher C. Hamblen
        Special Agent
        Phoenix, MPFU, USACIDC
        401 West Washington Street, SPC 20
        Suite 403
        Phoenix, AR

    2.  Lt. Col. Vincent J. Feck
        Director, Operations Defense Procurement
        & Acquisition Policy
        (Further information will be provided when available)

EXHIBIT

3

3.   Barbara G. Gehrs
     Chief, Policy & Program Support
     Civ HQ AFMC/PKP
     (Further information will be provided when available)

4.   Richard G. Buschagen
     Chief, Acquisition Support Branch
     Contracting Directorate
     Civ ASC/PKAA
     (Further information will be provided when available)

5.   Col. Stephen G. Smith, USAF
     Director of Contracting
     311 HSW/PK
     Brooks City-Base, TX

6.   Mary S. Urey
     Civ 311 HSW/BC
     Director, U.S. Small Business Administration
     8046 Crouch Road
     Brooks City-Base, TX

7.   Ana Montes
     Procurement Center Representative
     Civ 311 HSW/SBA
     U.S. Small Business Administration
     8046 Crouch Road
     Brooks City-Base, TX

8.   Fernando Guerra
     U.S. Small Business Administration
     (Further information will be provided when available)

9.   Abe Juarez
     (Further information will be provided when available)

10.  Wayne Justice
     Trimble-Batjer Insurance Associates, Inc.
     201 S. Chadbourne Street
     San Angelo, TX

11.  Steve Nelson
     Sure Tec Insurance Company
     5000 Plaza on the Lake, Suite 290
     Austin, TX

12.    Paul Robinson
Sure Tec Insurance Company
5000 Plaza on the Lake, Suite 290
Austin, TX

13.    Lindey Jennings
Sure Tec Insurance Company
5000 Plaza on the Lake, Suite 290
Austin, TX

14.    Connie Lynch
Director, Government Relations
National Association of Surety Bond Producers
1828 L Street, NW, Suite 720
Washington, D.C.

15.    Colin Chiles
Manager, State Government Relations
International Association of Shopping Centers
1399 Avenue of the Americas, NW Suite 729
Washington, D.C.

16.    Marla McIntyre
Executive Director, Surety Information Office
1828 L Street, NW, Suite 720
Washington, D.C.

17.    Jason Huntsman
1833 New Hampshire Avenue, NW
Washington, D.C.

18.    Jeff Broyles
JBL & K Risk Services, LLC
220 NW Second Avenue, Suite 800
Portland, OR

19.    Laura Alexander
Auditor, Surety Bond Branch
Financial Management Service
U.S. Department of Treasury
3700 East West Highway, Room 6F01
Hyattsville, MD 20782

20.    Richard Foss
Executive Vice President
National Association of Surety Bond Producers

1828 L Street, NW, Suite 720
Washington, D.C. 20036

21.   Susan DeCourcey
      Director of Technology
      Executive Vice President
      National Association of Surety Bond Producers
      1828 L Street, NW, Suite 720
      Washington, D.C. 20036

22.   Gil Bennett
      President, Fisher Brown, Inc.
      1701 West Garden Street
      Pensacola, FL

23.   Bob McLendon
      Vice President, Fisher Brown, Inc.
      1701 West Garden Street
      Panama City, FL

24.   Paul Reynolds
      Benfield Group
      Lincoln Plaza
      500 North Akard, Suite 3700
      Dallas, TX

25.   Bill King
      President, Sure Tec Insurance Company
      952 Echo Lane, Suite 450
      Houston, TX

26.   John Hannum
      Executive Vice President
      ICW Group
      11455 El Camino Real
      San Diego, CA

27.   Edward Gallagher
      General Counsel, Surety Association of America
      101 Connecticut Avenue, NW, Suite 800
      Washington, D.C.

28.   John Ward
      Ward Insurance Agency, Inc.
      1107 Main Street
      Gatesville, TX

29.   Neal Clark
      The Hartford
      P.O. Box 130927
      Dallas, TX

30.   Robert C. Fricke
      Bond Manager
      Frank Siddons Insurance, Inc.
      11612 Bee Caves Road
      Room 2244
      Building One, Suite 100
      Austin, TX

31.   A. Howard Cowan
      President, Howard Cowan Bond Agency, Inc.
      7814 Orlando Avenue
      Lubbock, TX

32.   Tim Miller
      Liberty Mutual Surety
      Interchange Corporate Center
      450 Plymouth Road
      Plymouth Meeting, PA 19462

33.   Curtis Roberts
      (Further information will be provided when available)

34.   Jim Sewell
      AGC Texas Building Branch
      816 Congress Avenue, Suite 950
      Austin, TX 78701

35.   Stan Cotgreave
      AGC Texas Building Branch
      816 Congress Avenue, Suite 950
      Austin, TX 78701

36.   Robert Fretz
      Fretz Construction Company
      6301 Long Drive
      Houston, TX

37.   Robert Joe Hanson
      (Further information will be provided when available)

38.     John Morrison
        Montana State Auditor
        (Further information will be provided when available

39.     Julie Gunlock
        Investigator, Montana State Auditors Office
        (Further information will be provided when available)

40.     Edmund Scarborough

41.     James Larry Wright

42.     George James Gowen

**(B)    <u>Documents That NASBP May Use To Support Its Defenses</u>**

NASBP produces such documents herewith.

**(C)    <u>Damages Claimed By NASBP</u>**

Not applicable.

**(D)    <u>Insurance Available To NASBP For This Case</u>**

NASBP will provide copies of the applicable policies of insurance available with respect to the claims alleged in this case.  Copies of the declarations pages for policy nos. W-680-328C4611-TCT-04, ISM-CUP-328C4611-IND-04 and ND00004713A are enclosed herewith.

NASBP reserves its right to supplement this disclosure, should further investigation and/or discovery warrant it.

Respectfully submitted,

Lisa A. Oonk
Florida Bar No. 0006238
Litchfield Cavo, LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, Florida 33609
Voice:  813.289.0690
Fax:  813-289-0692
Email: oonk@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 4th, 2005, I served the foregoing Defendant's Rule

26(a)(1) Disclosure by U.S. mail to the following:

Mike Piscitelli, Esq.
Jason Kopelow, Esq.
Vezine, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, FL  33301
Lead Attorney for Plaintiffs

Lisa A. Oonk

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN and
FIRST MOUNTAIN BANCORP,

   Plaintiffs,      CASE NO. 8:05-cv-1544-T-30TBM

v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

   Defendant.
_____/

## PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

  Edmund C. Scarborough, International Bonding & Construction Services, Inc.,

Dr. Larry James Wright, The Underwriter's Group, George James Gowen and First

Mountain Bancorp (collectively "Scarborough") by and through their undersigned

counsel file their Rule 26(a) Initial Disclosures as follows:

**Rule 26(a)(1)(A): Individuals Likely To Have Discoverable Information That
Plaintiffs May Use To Support Their Defenses:**

  Edmund C. Scarborough
  700 Overlook Drive
  Winter Haven, Florida 33884
  (863) 326-5557

  Dr. Larry James Wright
  The Underwriters Group, Inc.
  8777 San Jose Boulevard, #902
  Jacksonville, Florida 32217
  (904) 732-5575

EXHIBIT
4

George James Gowen
Trustee Officer
First Mountain Bancorp
3960 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89109
(702) 990-3835

Laurence Schor, Esq.
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, DC 20005
202-296-9260

Dennis Ehlers, Esq.
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, DC 20005
202-296-9260

Barbara Prasse, Esq.
Bavol Judge, PA
400 North Ashley Dr., Suite 2500
Tampa, FL 33602
(813) 221-7111

Karen Barbour
The Barbour Group, LLC
73 E. Main Street, Suite B
Westminster, MD 21157
410-876-9610

James Krause
Hedrick, Dewberry, Regan & Durant, P.A.
50 N. Laura Street
Jacksonville, FL 32202
904-356-1300

**Rule 26(a)(1)(B):** **Documents Which Scarborough, et al. May Use To Support Their Claim.**

Responsive documents are attached.

**Rule 26(a)(1)(C): Damages Claimed by Scarborough, et al.**

Prior to defendant's willful and tortuous activities, Scarborough's business was growing at a rate of approximately 375% per year. That growth has essentially stopped due to the activities of the defendant. This represents a lost growth of $1,000,250,000 per year, without allowance for compounding. That translates to lost premiums of $43,750,000 per year or $218,750,000 over a five year period.

Documents regarding this calculation will be produced after a confidentiality order is entered by the Court.

**Rule 26(a)(1)(D)  Insurance Available to Scarborough For This Case**

Not applicable.

Scarborough reserves his right to supplement this disclosure should further investigation and/or discovery warrant it.

Respectfully submitted,

Mike Piscitelli, Esq.
Florida Bar No: 364967
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, Florida 33301
Phone:  954-728-1270; Fax:  954-728-1271
E-Mail: mpiscitelli@vlplaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the following has been furnished by U.S. Mail, this 22ND day of November, 2005, to:

Lisa A. Oonk, Esq.
Litchfield Cavo, LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, FL 33609
Attorneys for Defendant.

Mike Piscitelli, Esq.

3