**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDMUND C. SCARBOROUGH, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Case No: 1:06-cv-00079-RBW** |
| ) | |
| NATIONAL ASSOCIATION OF ) | |
| SURETY BOND PRODUCERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PRIVACY ACT PLAINTIFFS' OPPOSITION TO DEFENDANT'S**
**MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY**

Edmund C. Scarborough, *et al.*, Plaintiffs in *Scarborough v. Harvey,* Case No: 05-1427

(RBW) pending in this Court ("Privacy Act Plaintiffs" and "Privacy Act case," respectively), by

undersigned counsel and for the reasons set forth below, hereby oppose Defendant National

Association of Surety Bond Producers' ("NASBP") Motion to Consolidate for Purposes of

Discovery ("Motion") with the separate Privacy Act case. For the reasons set forth below,

Privacy Act Plaintiffs submit that NASBP has not borne its burden of showing the cases should

be consolidated for any purpose. *See In re Repetitive Stress Injury Litigation,* 11 F.3d 368, 373

(3rd Cir. 1993).

**I.    THERE IS NO JUSTIFICATION FOR CONSOLIDATION**

Fed.R.Civ.P 42(a) provides for consolidation "[w]hen actions involving a ***common***

***question of law or fact*** are pending before the court, it may order a joint hearing or trial of any or

all the matters in issue in the actions; it may order all the actions consolidated; and it may make

such orders concerning proceedings therein as may tend to ***avoid unnecessary costs or delay.***"

(Emphasis added.)

NASBP's Motion and its supporting memorandum ("Memorandum") attempt to draw similarities between the NASBP case and *Scarborough v. Harvey, No: 05-1427 (RBW)* ("Privacy Act case") pending in this Court.[1]   The Motion asserts, *inter alia,* that the two cases arise out of a common event, *i.e.,* dissemination of a Criminal Alert Notice ("CAN") No. 0006-04-CID274 issued by Special Agent Christopher C. Hamblen ("SA Hamblen"), United States Department of the Army, Criminal Investigation Command ("CID"), in March 2005,[2] and the Memorandum argues that the cases are "inextricably related."[3]   However, NASBP is mischaracterizing the cases.  As is set forth hereinbelow, the Privacy Act case is based on more than simply the Government's dissemination of the CAN, while the instant libel case arises from NASBP's improper distribution of the CAN and its independent mischaracterization of the contents of the CAN.  Moreover, although, as NASBP asserts,[4] Plaintiffs in both the Privacy Act case and the instant case ("NASBP Case" and "NASBP Plaintiffs", respectively) have alleged that certain statements in the CAN are false, NASBP Plaintiffs are not seeking recovery against NASBP for the statements in the CAN, thus their truth or falsity is irrelevant to the instant action.

Viewing the NASBP and Privacy Act cases chronologically, the Privacy Act case "stops" when the Army wrongfully disseminated the CAN to other Government agencies and to persons or entities outside the Government.[5]  The NASBP case "begins" at that point, since it is based on what NASBP did after it received the CAN.

It is obvious why NASBP has tried to paint a common core issue, since consolidation is generally ordered only when the issues of law or facts are substantially similar.  This is established by the cases that NASBP itself has cited, which cases actually support a ruling

---

[1]  *See, e.g.,* Memorandum at 4-6.
[2]  Motion at p. 3, ¶ (3).
[3]  Memorandum at 8.
[4]  Motion at p. 4, ¶ (5).
[5]  The damages, however, continue to accrue.

against consolidation. *See, e.g., Midwest Community Council, Inc. v. Chicago Park District,* 98 FRD 491, 499 (N.D. Ill. 1983) (cases were consolidated where "the parties are essentially the same, the subject matter involved . . . is the same, and the claims of the plaintiffs are, in the main, the same."); *United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945) ("[T]he matters heard in the consolidated hearing were one and the same, and touched each defendant with exactly the same effect. There were no conflicting or confusing issues as between the defendants in the matter heard on the consolidation."). *See also All First Bank v. Progress Rail Services Corp.,* 178 F.Supp.2d 513, 520 (D.Md. 2001) (ordering consolidation where "[t]he parties are the same. The claims and defenses are identical, and the same three Agreements must be construed in each case. Indeed, Progress Rail and Railcar concede that Civil No. H-01-2527 is 'a mirror image' of Civil No. H-01-2991."). NASBP's reliance on *Biochem Pharma, Inc. v. Emory University,* 148 F.Supp.2d (D.D.C. 2001)[6] is similarly misplaced, since consolidation there was ordered because the cases each involved review of the same underlying decision by the United States Patent and Trademark Office.

The nexus alleged by NASBP between the cases simply does not exist. While NASBP has identified a number of factors that it argues the Court must consider in determining whether consolidation is proper,[7] it has cited no case in this jurisdiction that identifies or relies on those factors. In fact, this jurisdiction appears to focus on the express provisions of Fed.R.Civ.P 42(a) itself, *i.e.,* whether there are common questions of law or fact. *See, e.g., Stewart v. O/Neill,* 225 F.Supp.2d 16, 21 (D.D.C. 2002) ("The 'common issues' of fact and law in these cases are insufficient to support a motion to consolidate."); *In re Tobacco/ Governmental Health Care Costs Litigation v. Philip Morris, Inc.,* 76 F.Supp.2d 5, 6 (D.D.C. 1999) ("Because the Court

---

[6] Memorandum at 8.
[7] *Id., at 7.*

concludes that the requested consolidation will not promote the just and efficient conduct of the lawsuit brought by the United States, it denies defendants' motion."); *Clarke v. Cash,* 840 F.Supp. 158, 160 (D.D.C. 1993) ("As the two cases pending in this Court involve *identical questions of law and fact* and plaintiff's Motion to Consolidate is unopposed, plaintiff's motion is hereby granted." Emphasis added).

The NASBP and Privacy Act cases present such dissimilar operative facts and issues that consolidation will not result in economies of any kind or nature. NASBP Plaintiffs sued NASBP for libel, invasion of privacy (false light), and interference with contractual and business relations, all of which claims stem from NASBP's dissemination and mischaracterization of the CAN in its *Pipeline* publication and not dissemination of the CAN *to* NASBP. In fact, NASBP admits that one of its defenses is that its dissemination of the CAN occurred only *after* the Government disseminated the CAN to third parties.[8] These claims are governed by Florida law.

In contrast to the claims against NASBP, all of the claims against the Government in the Privacy Act case, which is governed by federal law, stem from the Government's unlawful dissemination of Privacy Act-protected information and other violations of the Privacy Act that can only be committed by the Government, *i.e.:*

- Disclosure of the CAN by the Army to NASBP;
- Disclosure of protected privacy information by SA Hamblen in his June 21, 2005 Letter to First Bank;
- Disclosure of protected privacy information about Plaintiff Scarborough by Curtis L. Greenway ("Greenway"), Legal Advisor to the Major Procurement Fraud Unit of CID, in his May 6, 2005 letter to Plaintiff Wright and his counsel;
- Disclosure of protected privacy information about Plaintiff Wright by Greenway in his May 16, 2005 letter to Plaintiff Scarborough and his counsel;
- Disclosure by the Army of the CAN to the Department of Defense's Defense Acquisition University ("DAU");
- Disclosure by the Army of the CAN to Other Department of Defense agencies;

---

[8] Motion at p. 4, ¶ (6).

- Violations of 5 U.S.C. § 552a(e)(6) by the Army;
- Violations of 5 U.S.C. § 552a(e)(9) by the Army;
- Violations of 5 U.S.C. § 552a(e)(10) by the Army;
- Department of Defense Disclosure of the CAN to the Public by means of the DAU Website;
- Department of Defense Disclosure of the CAN to SBA;
- Department of Defense Disclosure of the CAN to other Government agencies and employees;
- SBA disclosure of the CAN to the public;
- Violations of 5 U.S.C. § 552a(e)(6) by SBA;
- Violations of 5 U.S.C. § 552a(e)(9) by SBA; and
- Violations of 5 U.S.C. § 552a(e)(10) by SBA.

The contentions of the Privacy Act Plaintiffs, that the Government had no right to disseminate the CAN to the public or otherwise violate the Privacy Act, have nothing to do with NASBP, and the discovery in the two cases will be completely different. The Privacy Act Plaintiffs will pursue discovery to support their arguments and the counts in their Privacy Act complaint (i) that the information in the CAN is a "record" contained in a "system of records" (as those terms are defined in the Privacy Act), (ii) that the Government disclosed the information in violation of the Privacy Act, (iii) that the disclosure was "willful" and "intentional" (again, as those terms are defined in the Act, especially in light of the fact that the CAN was marked "For Official Use Only"), (iv) that no defenses, such as a "need to know" or disclosure pursuant to a permitted, published routine use apply, (v) that Plaintiffs suffered an "adverse effect" due to the disclosure, and (vi) that the Government failed to comply with certain of its own administrative requirements prior to its dissemination

The Government has moved to dismiss some of the Privacy Act counts and has moved for summary judgment on others, all on grounds totally unrelated to the claims in the NASBP case, which further underscores the lack of any material common facts or law.

NASBP relies on "convenience and judicial economy," the avoidance of "unwarranted duplication of discovery and motion practice, and protection of the orderly progress of the

lawsuits" as bases for its motion, arguing that the fact – as NASBP admits – that the cases do not involve "identical parties or claims is not dispositive."[9]  NASBP also argues that the fact that Plaintiffs in the two cases asserted different causes of action "is not particularly relevant" since, NASBP alleges, Plaintiffs in both cases are seeking money damages for unjustified and unprivileged dissemination of the CAN.[10]  In effect, NASBP is arguing that even though the prerequisite to consolidation (*i.e.*, **"a *common question of law or fact* . . .** pending before the court") is absent, the Court should nonetheless consolidate the cases for joint discovery based on some spurious, unsupported claims of similarity and economy.

    Privacy Act Plaintiffs understand NASBP's attempt to shift the focus away from "common questions of law or fact" because there are no common issues.  In the absence of common issues, NASBP's reliance on *In re Enron Corporation Securities Litigation,* 206 F.R.D. 427, 437 (S.D. Tex. 2002), which found "the common core of facts and legal issues," is inapposite.  Similarly inapposite is NASBP's reliance on *Certified/LVI Environ-mental Services, Inc. v. PI Construc-tion Corp.,* 2003 WL 1798542 (W.D. Tex. 2003), which NASBP cites for the proposition that the goal of consolidation is to prevent separate suits from producing conflicting results.[11]  However, inconsistent results are impossible here because, as NASBP itself has stated, it has sought consolidation *for discovery only*.[12]  Conflicting results are also foreclosed by the fact that the cases have different defendants, different operative facts, and different legal issues. Furthermore, NASBP, as defendant in only the instant case, cannot be subjected to conflicting

---

[9] Memorandum at 7.

[10] *Id.,* at 8.

[11] *Id.,* at 8.

[12] *Id.,* at 9 ("NASBP proposes consolidation *only for the limited purpose of discovery* – such that the two cases would still be tried separately - . . . ." Emphasis added.)

judgments.[13] If Privacy Act Plaintiffs are not concerned about inconsistent judgments, any

concern of NASBP is irrelevant.

NASBP's Motion should be denied for the same reasons a similar motion was denied in

*Corvel Healthcare Corporation v. Shorman & Associates*, 1994 WL 675330 (D. Kan. 1994),

where the court stated:

> In the present case, plaintiff alleges trade secret protection for computer software and
> contends that Shorman, after she left CorVel's employ, misappropriated confidential and
> proprietary information and has interfered with CorVel's current employees and
> customers. In the case pending before Judge Vratil, Shorman alleges an ERISA claim
> based on interference with her right to exercise stock options, and breach of an implied
> employment agreement.
>
> Although both cases arise out of Shorman's employment with CorVel, plaintiff has failed
> to establish what would be gained by consolidation of the cases. Beyond the employment
> relationship, there are no common issues of law or fact in the cases that would convince
> the court consolidation is warranted.

*See also Richardson v. U.S. Airways Group, Inc.,* 2001 WL 849701 (E.D. Pa.).

NASBP's admission that the parties are "not identical" is a gross understatement.

NASBP is the defendant in this case and the federal Government (Department of Defense,

Department of the Army, and Small Business Administration) is the Defendant(s) in the Privacy

Act case. Even the Plaintiffs in the cases are different: the Plaintiffs in this action are Edmund C.

Scarborough, International Bonding & Construction Services, Inc., Dr. Larry J. Wright, The

Underwriter's Group, George James Gowen, and First Mountain Bancorp, while the Plaintiffs in

the Privacy Act case are only Edmund C. Scarborough, Dr. Larry J. Wright, and George James

Gowen. The fact that these individuals are employed by or otherwise play a role in the corporate

---

[13] Even if the two cases produced "different results," the results would not necessarily be inconsistent, *i.e.*, (i) a judgment that the Government did not violate the federal Privacy Act would not be inconsistent with a judgment that NASBP mischaracterized the information in the CAN and otherwise violated Florida law, and (ii) a judgment that the Government violated the Privacy Act would not be inconsistent with a judgment that NASBP did not mischaracterize the CAN or otherwise violate Florida law.

entities suing the NASBP does not merge these parties, and the Court cannot overlook the fact

that the individuals and their related corporations are separate legal entities.

The foregoing considered, NASBP has failed to carry its burden of showing that the

bases for ordering consolidation exist.

## II.  LITTLE OR NO NASBP DISCOVERY IS NECESSARY

### A.  No Discovery is Necessary Regarding NASBP's Dissemination of the CAN

NASBP Plaintiffs have alleged that it was unlawful for NASBP to disseminate the CAN, a

document marked "For Official Use Only."  No discovery on this issue is necessary since

NASBP's dissemination of the CAN is undisputed (*see* Exhibit A hereto).  Whether

dissemination of the CAN violated any law is strictly a matter of law.[14]

### B.  No Discovery of Government Personnel or Documents is Necessary Regarding the Truth of NASBP's Characterization of the Contents of the CAN

NASBP Plaintiffs have alleged that NASBP mischaracterized the CAN in *Pipeline*,

thereby libeling them.  Although NASBP asserts that it anticipates extensive discovery in both

cases,[15] it has not established the need for discovery in this case and is, of course, not entitled to

any discovery in the Privacy Act case.

Truth of the allegations in the CAN is immaterial to NASBP Plaintiffs' action since the

issue in this case is whether ***what NASBP said the CAN said*** was true when NASBP published

*Pipeline*.[16]  Since truth of the CAN is not at issue, there is no basis for NASBP to depose SA

---

[14] How NASBP got the CAN is irrelevant.  To the extent the Court deems it to be germane, the April/May 2005 issue of NASBP's *Pipeline* in which NASBP identified the CAN, characterized the contents of the CAN, and contained a link to access the CAN, states that NASBP got the CAN from SA Hamblen.  A copy of *Pipeline,* as published without the CAN, is attached as Exhibit A.  In a June 9, 2005 letter to NASBP Plaintiffs' counsel, NASBP's counsel advised that NASBP got the CAN from Steve Nelson of Sure Tec Insurance Company, an NASBP affiliate surety company.  *See* Exhibit B.  Even assuming that the source of the CAN were relevant to NASBP's liability for dissemination and mischaracterization thereof, NASBP presumably knows where it got the document.

[15] Memorandum at 8.

[16] *See* Restatement (Second) of Torts §681A, Comment g, which states:

Hamblen - whose investigation led to issuance of the CAN - about *his* investigation and *his* conclusions, if any, when the CAN was issued.[17]

There is also no need for NASBP to depose SA Hamblen to determine if he has evidence that NASBP's statements in *Pipeline* were true when NASBP made them. Bonds issued for Government projects and the data behind them are matters of public record and available to a litigant through third party discovery and to the public through Freedom of Information Act requests. Consolidation is not necessary to give NASBP access to these documents which, when received, can be submitted to NASBP's expert to opine as to their validity and, as an extension thereof, whether the statements in *Pipeline* were true when made.

Requiring NASBP to use third party discovery and/or FOIA would protect both sets of Plaintiffs and the Government from the disclosure of protected information. It would also be more economical, both in time and money, since neither Privacy Act Plaintiffs nor the Government would be subjected to the discovery disputes that are sure to result from any efforts by NASBP to inquire into protected areas. If consolidation were ordered, any challenges to discovery in the NASBP case would necessarily delay the progress of the Privacy Act case, to the prejudice of Privacy Act Plaintiffs. The lack of commonality of the cases decries such a result.

---

*g.* The truth of a defamatory imputation of fact must be determined as of the time of the defamatory publication. Facts alleged to exist by the defamer may subsequently occur, but his foresight or luck in anticipating them will not protect him from liability for stating their pre-existence. Thus a statement that another has been guilty of blackmail is not met by proof of the other's subsequent acts of blackmail although the defamer had reasonable grounds, at the time of the accusation to believe that the other would commit them.

[17] Even if he could be deposed on these issues, the relevance of his testimony would be questionable since he is only an investigator with no authority beyond his investigative function: he makes no final decision about how the information he collects is used; the legal office decides whether to take action and coordinate with other Army or Government agencies based on the facts collected and reported by SA Hamblen. *See, e.g.,* Army Regulation 27-40, *Litigation;* Department of Defense Directive ("DODD") 7050.5, *Coordination of Remedies for Fraud and Corruption Related to Procurement Activities.*

Depositions of Government personnel by NASBP are similarly unnecessary. Only SA Hamblen has personal knowledge of his investigation and the results thereof, and even any relevant testimony he can give is severely limited. *See* II.B, *supra*. The other Government personnel identified in NASBP's Motion[18] are Small Business Administration employees who can do nothing more than establish the chain of dissemination of the CAN within the Government. This is irrelevant to the NASBP case, especially since NASBP has admitted how it got the CAN.

If consolidation is ordered, discovery disputes between NASBP Plaintiffs and NASBP on the NASBP issues, even though unrelated to the Privacy Act claims and defenses, will necessarily delay the progress of both cases, again to the prejudice of both the Privacy Act and NASBP Plaintiffs.

## C.  NASBP is Entitled to Limited Discovery

Privacy Act Plaintiffs do not contend that NASBP is not entitled to any discovery that may involve Government witnesses. For example, it is entitled to inquire about Privacy Act Plaintiffs' damages. However, that discovery would be directed to the Privacy Act Plaintiffs and any experts identified by them, not Government witnesses.

To the extent that it is determined that NASBP is entitled to depose any Government personnel who will also be deposed in the Privacy Act case, Privacy Act Plaintiffs will agree to more than one deposition of those individuals, which is the only practical way to ensure that all relevant issues in each case are explored without risking disclosure to NASBP of Privacy Act Plaintiffs' protected information. If Privacy Act Plaintiffs are willing to incur the additional time and expense of multiple depositions, NASBP should have no complaints because it will be able to take the depositions it seeks and will not be subjected to multiple depositions. The possibility

---

[18] Motion at p. 5, ¶ 7 (b) – (f).

of multiple depositions for Plaintiffs does not supply the commonality of facts and issues necessary to justify consolidation.

Consolidation for discovery will not result in any economies for the Court. The Court is not involved in discovery except to resolve disputes. Given the disparity of the issues in the NASBP and Privacy Act cases, even if the Court is presented with any discovery disputes for resolution, disputes between NASBP Plaintiffs and NASBP, on the one hand, and the Privacy Act Plaintiffs and the Government, on the other, are so unlikely to raise the same issues that no time, effort, or expense will be saved by consolidation.

The foregoing considered, the lack of common operative facts, law, issue, and parties and the potential prejudice to Plaintiffs of the disclosure of protected information to NASBP more than outweigh any putative convenience or judicial economy that might result from consolidation.

## III. CONSOLIDATION RAISES NUMEROUS LEGAL AND PROCEDURAL CONCERNS

### A. The Government Has an Enforceable Law Enforcement Exception

The Government has a law enforcement exception pursuant to which it can refuse to disclose certain documents to third parties (*e.g.,* those not parties to litigation with the Government). *See, e.g., United States ex rel. Touhy v. Ragen,* 180 F.2d 321 (7th Cir. 1950) and cases cited therein. The *Touhy* court acknowledged, *inter alia,* that it is "lawful for a department of the government to suppress documents, even when they will help determine controversies between third persons . . . ." *Id.,* at 326.

Privacy Act Plaintiffs have been advised by the Government that the Government is fully aware of its rights to suppress documents and testimony and will invoke those rights should NASBP seek discovery of ongoing investigations from it. If the cases are consolidated for

discovery, any disputes between NASBP and the Government (which are very likely, if not certain, to occur) will necessarily delay Privacy Act Plaintiffs' discovery, to Privacy Act Plaintiffs' detriment.

Privacy Act Plaintiffs are also informed that the Government will insist that any deposition requests by NASBP follow applicable Government regulations, to which Privacy Act Plaintiffs should not be subject. This would result in even further delays and prejudice to Privacy Act Plaintiffs in the prosecution of their case.

**B. It Would Be Unnecessarily Difficult to Allow NASBP to Participate in Only Parts of the Depositions of Government Personnel and Still Protect Against Inadvertent <u>Disclosure of Protected Information</u>**

The Privacy Act Plaintiffs, as parties to the Privacy Act case, are entitled to all information relevant to their claims and/or the Government's defenses in the Privacy Act suit. The information to which NASBP may be entitled, if any, is indisputably significantly more restricted. Information to which NASBP would not be entitled includes that relating to any ongoing investigations.

If consolidation is ordered, allowing NASBP to participate in only the arguably "relevant" portions of the depositions of Government personnel will jeopardize Privacy Act Plaintiffs' privacy rights. Depositions are fluid and often fast-moving, presenting the very real possibility of inadvertent disclosure, in the heat of the deposition, of investigative and other information that the Government is entitled and has stated its intention to protect from NASBP pursuant to *Touhy v. Ragen,* 180 F.2d 321 (7th Cir. 1950), as discussed above. Such disclosure would surely be prejudicial to Privacy Act Plaintiffs and the NASBP Plaintiffs and could also prejudice the Government. Such disclosure could also result in yet another actual or putative violation by a Government witness of the Privacy Act.

12

If NASBP is permitted to depose any Government personnel, separating the NASBP deposition(s) from the Privacy Act deposition(s) will protect against disclosure of any information that is protected under the Privacy Act. The Government conceded that the Privacy Act information is sensitive and protected by agreeing, at the request of the Privacy Act Plaintiffs, to file its Motion to Dismiss under seal. Moreover, the Government's Motion to Dismiss cites to specific statutes relating to alleged criminal behavior that have no applicability to NASBP or the NASBP case, the disclosure of which would be prejudicial and damaging to both the NASBP and Privacy Act Plaintiffs.

In addition to ensuring against disclosure of protected information, the vastly different scope of the depositions in the two cases, based on the vastly different issues (as set forth above), militates against consolidation. In addition, there is no basis – nor has NASBP even attempted to articulate one – for allowing NASBP to be privy to depositions with respect to any of the issues raised in the Privacy Act. Nothing NASBP could learn from the Government Privacy Act depositions or documents will be relevant to NASBP's defenses to NASBP Plaintiffs' claims against NASBP.

Trying to build an artificial barrier to separate the information NASBP is entitled to obtain from what it is not presents a challenge that is unnecessary, if not practically impossible, under the circumstances presented herein. It is easy to imagine disputes arising, during deposition, concerning what testimony NASBP can hear and what it cannot. It is easy to imagine the interruption in the flow of depositions to resolve these issues, whether with or without the assistance of the Court. Moreover, as the Court is aware, even in the event of an inadvertent disclosure, "the bell cannot be unrung."

## IV. REFUSING TO CONSOLIDATE FOR PURPOSES OF DISCOVERY WILL NOT PREJUDICE NASBP

Denying NASBP's Motion will not result in any prejudice to Defendant and, if any prejudice results, it is far outweighed by the prejudice to Plaintiffs. Privacy Act and NASBP Plaintiffs will accommodate, as required by applicable rules and law, the separate discovery requests of both NASBP and the Government. Plaintiffs are also willing to participate in separate depositions of any Government personnel whose depositions NASBP is determined to be entitled to take. Privacy Act Plaintiffs anticipate a number of discovery disputes if NASBP attempts to exceed reasonable bounds in seeking Government witnesses or documents. Denial of NASBP's Motion will also ensure that any discovery disputes in the instant case do not result in delays and prejudice to Plaintiffs in the Privacy Act case.

Not only will refusal to consolidate not prejudice NASBP for the reasons discussed above, including the great likelihood of difficult three-party discovery disputes, a decision to consolidate will likely *increase* all parties' expenses because of the likelihood of discovery disputes over what depositions NASBP can participate in, the scope of those depositions, and the type of documents NASBP can obtain.

## V. CONCLUSION

A party seeking consolidation has the heavy burden of showing that consolidation should occur. *In re Repetitive Stress Injury Litigation,* 11 F.3d 368, 373 (3rd Cir. 1993). Having failed to show that the two cases involve a common question of law or fact or that consolidation will avoid unnecessary costs or delay, NASBP's Motion should be denied.

Respectfully submitted,

_____/s/_____

Laurence Schor, Esquire
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and*
*George J. Gowen*

_____/s/_____

Geoffrey T. Keating, Esquire
D.C. Bar No. 25239
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
gkeating@msadlaw.com
*Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via e-filing

this 7th day of April 2006, to the following:


Mike Piscitelli, Esq.
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, FL 33301
*Attorney for Plaintiffs in Edmund C. Scarborough v.*
*National Association of Surety Bond Producers,*
Case No: 1:06-cv-00079-RBW

Peter Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
*Attorney for Defendant National Association*
*of Surety Bond Producers*

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
10th Floor
Washington, D.C.  20530
(202) 353-9895
(202) 514-8780 (facsimile)
*Attorney for Defendants Francis J.*
*Harvey, et al., in Scarborough v.*
*Harvey,* Case No: 05-1427 (RBW)


                                        _____/s/_____
                                        Laurence Schor