IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMUND C. SCARBOROUGH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: **1:06-cv-00079-RBW** |
| ) | |
| NATIONAL ASSOCIATION OF ) | |
| SURETY BOND PRODUCERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFFS' REPLY TO THE OPPOSITION OF NATIONAL ASSOCIATION OF SECURITY BOND PRODUCERS' TO PLAINTIFFS' MOTION TO SEAL**

Edmund C. Scarborough, Dr. Larry James Wright, and George J. Gowen, Plaintiffs in *Edmund C. Scarborough, et al. v. Francis J. Harvey, et al.,* United States District Court for the District of Columbia Case No.: 05-CV-01427 (RBW) ("Privacy Act Plaintiffs"), through counsel, hereby submit their reply to the opposition ("Opposition") of Defendant National Association of Security Bond Producers ("NASPB") to Plaintiffs' Motion to Seal Defendant's Motion to Consolidate for Purposes of Discovery and Supporting Memorandum (collectively, for purposes hereof, "Motion to Consolidate").[1]

I. **Privacy Act Plaintiffs' Motion Seeks Consistency in this Court**

Defendant's Opposition characterizes Privacy Act Plaintiffs' motion as one for reconsideration of the decision of the United States District Court for the Middle District of

---

[1] Defendant has alleged that the Plaintiffs in this case are seeking damages from NASBP based on "the purportedly 'false' statements about [NASBP] plaintiffs contained in the CAN [Criminal Alert Notice No. 0006-04-CID274] . . . ." (Opposition at 2.) To the extent NASBP is asserting or implying that the NASBP Plaintiffs are suing NASBP because the CAN is false, their assertion is false. NASBP Plaintiffs are suing NASBP not based on what the CAN says but, rather, based on what NASBP *said* the CAN said and for disseminating the CAN to NASBP's members, and probably others.

Florida, Tampa Division ("Florida Court") denying NASBP Plaintiffs' motion to seal the CAN when this case was pending in that court. Defendant's characterization is a self-serving attempt to overstate Privacy Act Plaintiffs' burden.

Contrary to seeking reconsideration of the Florida Court's ruling, Privacy Act Plaintiffs are seeking consistent rulings by *this* Court in the NASBP and Privacy Act cases. When the Government attached the CAN to its motion to dismiss and/or for summary judgment ("Government Motion to Dismiss"), Privacy Act Plaintiffs expressed their concern about its availability as a public document. In response to that concern, and at Privacy Act Plaintiffs' request, the Government moved for an order sealing their Motion that references the CAN and other issues involving Privacy Act Plaintiffs' purported activities. This Court granted the Consent Seal motion by Order dated March 13, 2006. Privacy Act Plaintiffs are asking this Court to seal the CAN in the NASBP case as well, since a failure to do so would allow dissemination in the NASBP case of the same document that the Court has protected from further disclosure in the Privacy Act case. Such inconsistent rulings are not justified.

II. **Privacy Act Plaintiffs' Motion to Seal is Not a Request for Reconsideration or Barred by the Florida Court's Ruling**

Defendant would have the Court believe that Privacy Act Plaintiffs somehow failed to take action adequately to protect their rights by not seeking reconsideration of the Florida Court's decision declining to seal the CAN. Whether or not the Privacy Act Plaintiffs acted in the Florida Court is irrelevant to their Motion to Seal here and now.

Defendant also implies that Privacy Act Plaintiffs were somehow dilatory because they did not move to seal in this case until March 2006, in response to Defendant's Motion to Consolidate for Discovery Purposes. (Opposition at 5.) This is a false implication. To the best of counsel's knowledge, the NASBP Case file was not transferred to this Court until January

2

2006, and Defendant did not introduce the CAN into the NASBP case in this Court until it filed its Motion to Consolidate for Discovery Purposes. Immediately thereafter, Privacy Act Plaintiffs asked NASBP (more than once) to agree to seal the CAN and also provided NASBP with a copy of a letter from Major Patrick L. Gary, Litigation Attorney for the Department of the Army, in which he certified that the For Official Use Only designation on the CAN is used for information that may be withheld from the public, that the CAN would not be releasable in response to a Freedom of Information Act request, and that it was not the intent of the Army or the Criminal Investigation Command that the CAN be made public. NASBP never responded to Privacy Act Plaintiffs' request, thereby necessitating the Motion to Seal. It is clear that the Privacy Act Plaintiffs did not delay taking appropriate action.

Defendant also argues that the Florida Court's ruling is the "law of the case." However, the law of the case doctrine applies to issues of law, *International Union, United Automobile, Aero-space & Agricultural Implement Workers Of America, UAW v. Donovan*, 756 F.2d 162, 165, fn. 16 (U.S.App.D.C.) (1985), *citing* 1B J. Moore, *Moore's Federal Practice* § 0.404[1], at 117 (1984). Privacy Act Plaintiffs submit that discretionary procedural rulings, such as whether or not to seal records, are not issues of law that become the law of the case.

Even where the law of the case applies, courts of coordinate jurisdiction may not bind each other. *See, e.g., Martin-Trigona v. Meister,* 668 F.Supp. 1, 4 (D.D.C. 1987). Thus, the Florida Court's ruling is not binding on this Court. Moreover, if the Florida Court's ruling is the law of the case, this Court could reconsider it. *See, e.g., Birge v. Delta Air Lines, Inc.,* 597 F.Supp. 448, 453 (N.D. Ga. 1984) ("While it is true that under that [law of the case] doctrine, when a district judge has rendered a decision in a case and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision, the law of the case

doctrine also provides that a ruling in a case is subject to modification when it is subsequently found to be erroneous, is no longer sound, or would work an injustice." Citations omitted.)

Here, this Court's independent reconsideration of this issue of great importance to Privacy Act Plaintiffs is necessary to ensure consistent rulings in **both cases** with respect to treatment of and references to the **same document**. To do otherwise would be to perpetuate a ruling that is no longer sound and that would work an injustice, given that the Court has already sealed the CAN in the Privacy Act case. We suggest that the information provided in Major Gary's letter, which is significant, supports sealing the CAN, was not written at the time and was not submitted to the Florida Court when it declined to order that the CAN be sealed. In seeking transfer to this Court, NASBP must have considered the possibility that the CAN would be sealed in the NASBP case, since it was sealed in the Privacy Act case.[2] At the very least, it is appropriate for this Court to consider the letter in connection with Privacy Act Plaintiffs' motion to seal the CAN.[3]

In addition to the precedent in this Court to seal the CAN, there is other supporting precedent. Plaintiff in *Trinity Construction Group v. International Bonding & Construction Services, Inc.,* Case No. 05-cv-813, which was pending in the United States District Court for the Eastern District of Virginia,[4] agreed to seal that portion of its Complaint which referenced the CAN as well as the CAN itself, which Trinity's counsel attached, and the court entered an order effecting the same.

III. **The CAN Should be Sealed**

With respect to the merits of Privacy Act Plaintiffs' motion to seal the CAN, NASBP

---

[2] This information was available to NASBP simply by reviewing the docket and pleadings in the Privacy Act case or by inquiring of with the Privacy Act Plaintiffs or the Government.
[3] Defendant's speculation about what the Florida Court "impliedly concluded" in declining to seal the CAN (Opposition at 7) is nothing more than pure conjecture that is of no import.
[4] That case has been settled and dismissed.

cites six factors that should be considered in deciding whether to seal, as set forth in *Johnson* v. *Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.Cir. 1991), *i.e.*, (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing closure; and (6) the purposes for which the documents were introduced. (Opposition at 7.)

Regarding the need for public access to the CAN, NASBP argues only that the CAN was issued and disseminated by the Government and addressed an issue of significant public interest, *i.e.*, the Government's "concern about and investigation into the fraudulent activities of individual sureties who marketed their services to contractors bidding on government contracts." NASBP alleges a bona fide public interest in having continued access to the CAN. (Opposition at 7-8.) First, of course, the investigation identified in the CAN is ongoing; there have been no findings of fraudulent activity by any of the Privacy Act or NASBP Plaintiffs and no charges have been brought against them. Any "interest" of the public at this stage would be prurient, at best.

With respect to the extent to which the public has already had access to the CAN, NASBP argues that the CAN has been in the public domain for five months. (Opposition at 8.) Nonetheless, it has been sealed in this Court and it was sealed in the U.S. District Court for the Eastern District of Virginia. The fact that it was not sealed in Florida does not deprive Privacy Act Plaintiffs of their right to seek protection in a case where the CAN has already been protected from further public disclosure.

Privacy Act Plaintiffs, NASBP Plaintiffs, and the Defendants in *Trinity v. International*

*Bonding & Construction Services, Inc.* (including Edmund Scarborough and International Bonding & Construction Services, Inc.) all objected to the CAN remaining part of the open, publicly accessible court file in the cases in which they are or were parties, and Defendant admits that the Privacy Act Plaintiffs expressly objected herein. (Opposition at 8.) The fact that some of the NASBP Plaintiffs have not joined in the Privacy Act Plaintiffs' pending motion before this Court is irrelevant, and Defendant's reliance thereon is clutching at straws. Similarly unpersuasive is Defendant's assertion that Privacy Act Plaintiffs were "inactive" for months, since Defendant first filed the CAN in March 2006, to which Privacy Act Plaintiffs immediately objected.

The fourth factor is the strength of the property and privacy interests involved. NASBP argues that the CAN should remain public because protecting "sensitive information about the Plaintiffs" is not a compelling reason for sealing the CAN. (Opposition at 9.) The CAN relates to an ongoing investigation that contains not only sensitive information about Privacy Act Plaintiffs but about others as well. Defendant cites *Blades v. Gitt,* 2006 WL 726893 (D.Ariz.) in support of its opposition to sealing, arguing that a party seeking to seal a document must show specific evidence of harm. Privacy Act Plaintiffs are seeking damages against the Government and NASBP and will prove those damages at trial in both cases. This NASBP argument we note - and in fact Defendant's entire Opposition – ignores the fact that this Court has already ordered that the CAN be sealed in the Privacy Act case, thereby implicitly finding sufficient evidence of harm.

The fifth factor is the possibility of prejudice to those opposing closure. Defendant has completely failed to address this factor or identify any prejudice it may suffer if the CAN were sealed. It does not even suggest that sealing the CAN would negatively affect its ability to

defend itself against NASBP Plaintiff's claims or that continued disclosure of the CAN is necessary therefor. It is not the Court's burden to divine some rare possibility showing that the NASBP would be prejudiced if the CAN were sealed.

Regarding the sixth factor, *i.e.,* the purposes for which the document was introduced, NASBP asserts that it submitted the CAN to assist ***the Court*** in assessing the merits of Defendant's Motion to Consolidate. It is axiomatic that sealing the CAN would have no impact on ***the Court's*** ability to review the CAN or rule on Defendant's Motion since sealing would not limit the Court's access to the document. Moreover, the Government clearly does not feel constrained by the fact that the CAN is sealed in the Privacy Act case, since it moved to seal it.

WHEREFORE, in consideration of Privacy Act Plaintiffs' Motion to Seal and the foregoing, Privacy Act Plaintiffs respectfully request that this Court seal the NASBP Motion to Consolidate and all responses and replies thereto.

Respectfully submitted,

_____/s/_____
Laurence Schor, Esquire
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732 (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and George Gowen*


_____/s/_____
Geoffrey T. Keating, Esquire
D.C. Bar No. 25239

        McManus, Schor, Asmar & Darden, LLP
        1155 Fifteenth Street, N.W., Suite 900
        Washington, D.C. 20005
        (202) 296-9260
        (202) 659-3732  (fax)
        gkeating@msadlaw.com
        *Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via e-filing this 17th day of April 2006 to:

Mike Piscitelli, Esq.
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, FL 33301
*Attorney for Plaintiffs in Edmund C. Scarborough v. National Association of Surety Bond Producers,*
Case No: 1:06-cv-00079-RBW

Peter Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
*Attorney for Defendant National Association of Surety Bond Producers*

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
10th Floor
Washington, D.C. 20530
(202) 353-9895
(202) 514-8780 (facsimile)
*Attorney for Defendants Francis J. Harvey, et al., in Scarborough v. Harvey,* Case No: 05-1427 (RBW)

                                                /s/
                                      Laurence Schor