**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**EDMUND C. SCARBOROUGH,**
**INTERNATIONAL BONDING &**
**CONSTRUCTION SERVICES, INC.,**
**DR. LARRY JAMES WRIGHT,**
**THE UNDERWRITER'S GROUP,**
**GEORGE JAMES GOWEN, and**
**FIRST MOUNTAIN BANCORP,**

        **Plaintiffs**                **CASE NUMBER 1:06-cv-00079-RBW**

**v.**

**NATIONAL ASSOCIATION OF**
**SURETY BOND PRODUCERS,**

        **Defendant**

**DEFENDANT NATIONAL ASSOCIATION OF SURETY BOND**
**PRODUCERS' MOTION FOR LEAVE TO FILE CONSOLIDATED**
**REPLY TO PLAINTIFFS' OPPOSITIONS TO MOTION TO**
**CONSOLIDATE FOR PURPOSES OF DISCOVERY AND OPPOSITION**
**TO PLAINTIFFS' MOTION TO RE-TRANSFER CASE TO THE**
**MIDDLE DISTRICT OF FLORIDA**

Defendant National Association of Surety Bond Producers ("NASBP") hereby moves,

pursuant to and in accordance with Federal Rule of Civil Procedure 6 (b)(2) and Local Rule 5.4

(g)(3) of the Rules of the District Court for the District of Columbia, for leave to file a

consolidated reply to plaintiffs' oppositions to NASBP's motion to consolidate for purposes of

discovery and opposition to plaintiffs' motion to re-transfer this case to the Middle District of

Florida.  NASBP hereby requests leave of the Court until May 8, 2006 to file this consolidated

reply and opposition.

As grounds for the present motion, NASBP states that there is good cause, as follows:

(1)     This case (the "*NASBP* Case") is one of two cases pending in this Court that arise out of the issuance of Criminal Alert Notice No. 0006-04-CID274 (the "CAN"), which was a document, entitled "Insurance Fraud – Bonding and Surety", issued by Special Agent Christopher C. Hamblen of the Department of the Army's Criminal Investigation Division in March 2005.  In the *NASBP* Case, plaintiffs have alleged that, as a result of the purportedly "false" statements about plaintiffs contained in the CAN and NASBP's alleged "publication" of the CAN on NASBP's password-sensitive website, NASBP is liable to plaintiffs for $45 million in damages on theories of libel, invasion of privacy and interference with contractual and business relations.  In the second case, captioned *Edmund C. Scarborough, et al.* v. *Francis J. Harvey, Secretary of the Army, United States Department of the Army, et al.*, Case No. 1:05CV01427-RBW (the "*Department of Defense* Case"), plaintiffs Edmund C. Scarborough, Larry James Wright and George J. Gowen (collectively, the Privacy Act Plaintiffs") have similarly alleged that the CAN contained "false" statements, and have further alleged that by disseminating the CAN to the public, employees and/or agents of the federal government violated 5 U.S.C. §552a (the "Privacy Act") and caused the Privacy Act Plaintiffs to incur 445 million in damages.

(2)     NASBP moved to transfer the *NASBP* Case, which had originally been filed in the United States District Court for the Middle District of Florida (the "District Court in Florida"), to this Court on November 17, 2005.  The District Court in Florida allowed NASBP's motion to transfer on December 27, 2005.  NASBP then moved to consolidate the two cases, on March 7, 2006, for purposes of discovery.

(3)     On April 7, 2006, the Privacy Act Plaintiffs electronically filed an opposition to

NASBP's motion to consolidate in the *NASBP* Case.  On that same date, plaintiffs in the *NASBP* Case electronically filed a separate opposition to NASBP's motion to consolidate *and* a motion to re-transfer the *NASBP* Case to the District Court in Florida.  Pursuant to Local Rules 7 (d) and 7 (b), NASBP's reply to the Privacy Act Plaintiffs' opposition and NASBP's opposition to the motion to re-transfer were due on or before April 12, 2006 and April 18, 2006, respectively.

(4)     Unfortunately, however, due to oversight and/or miscommunication, NASBP's lead counsel – Eileen P. Kavanagh, Esq. and Peter C. Kober, Esq., both of whom were admitted *pro hac vice* in the *NASBP* Case – did not receive either the Privacy Act Plaintiffs' opposition or plaintiffs' motion for re-transfer in the *NASBP* Case at the time those documents were electronically filed.  Specifically, although plaintiffs electronically filed these documents by using the Court's "CM/ECF" System, which was supposed to send a notice of electronic filing to those attorneys for NASBP, the Court's own "notice of electronic filing" for these documents indicates that "notice will be delivered by other means" to Ms. Kavanagh and Mr. Kober – and such notice, inexplicably, was never transmitted and/or received.  Indeed, NASBP's counsel were unaware until April 25, 2006 that these (or other) papers had been filed, such that NASBP's counsel had no opportunity to file either a reply to the Privacy Act Plaintiffs' opposition to NASBP's motion to consolidate or an opposition to the motion to re-transfer the *NASBP* Case within the five (5) day and eleven (11) day periods provided for a reply or an opposition, respectively, under Local Rule 7 (d) and 7 (b).

(5)     Mr. Kober conferred by telephone on April 25, 2006 with Laurence Schor, Esq., who is counsel for the Privacy Act Plaintiffs, and on April 26, 2006 with the office of Michael Piscatelli, Esq., who is counsel for plaintiffs in the *NASBP* Case.  Both Mr. Schor and Mr. Piscatelli's office graciously expressed that they had no objection to NASBP filing further

documents, *i.e.*, a reply to the Privacy Act Plaintiffs' opposition to NASBP's motion to consolidate and an opposition to plaintiffs' motion to re-transfer the *NASBP* Case, by May 8, 2006.

Respectfully submitted,


_____/s/_____
Paul G. Roche
District of Columbia Bar No. 421471
Litchfield Cavo, LLP
40 Tower Lane
Avon, CT 06001-4222
Voice:  860-255-5577
Fax:  860-255-5566
Email: roche@litchfieldcavo.com

Eileen P. Kavanagh
Email: kavanagh@litchfieldcavo.com
Peter C. Kober
Email: kober@litchfieldcavo.com
Litchfield Cavo, LLP
6 Kimball Lane
Lynnfield, MA 01940
Voice:  781-309-1500
Fax:  781-246-0167
Attorneys for defendant
National Association of
Surety Bond Producers

Dated:  April 26, 2006