UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND C. SCARBOROUGH,
INTERNATIONAL BONDING &
CONSTRUCTION SERVICES, INC.,
DR. LARRY JAMES WRIGHT,
THE UNDERWRITER'S GROUP,
GEORGE JAMES GOWEN and
FIRST MOUNTAIN BANCORP,

        Plaintiffs,                  CASE NO.  1:06-cv-00079-RBW

v.

NATIONAL ASSOCIATION OF
SURETY BOND PRODUCERS,

        Defendant.
_____/

**PLAINTIFFS' REPLY TO NASBP'S OPPOSITION TO
RE-TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA**

Plaintiffs, Edmund C. Scarborough, et al. (collectively "Scarborough") file this reply to defendant, National Association of Surety Bond Producer's ("NASBP") Opposition to Scarborough's Motion to Re-Transfer. In support, Scarborough states as follows:

NASBP's opposition cites no precedent that refutes this Court's authority to re-transfer this matter to the Middle District of Florida once the Court denies NASBP's motion for consolidation. The original purpose for transfer was to consolidate this case with the Privacy Act Case against the Department of the Army for trial. *See Wells v. Liddy*, 115 F.Supp.2d 1 (D.D.C. 2000). NASBP's decision to *only* seek consolidation for discovery is a substantial change in the original circumstances supporting transfer which warrants an order re-transferring this case to the Middle District of Florida.

NASBP cites *Russell v. IU Int'l Corp.*, 685 F.Supp. 172 (N.D. Ill. 1988), which Scarborough relies upon, but diverts this Court's attention from the holding by referring only to dicta. In *Russell,* the district court held that:

> [A] transferee court is [not] powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court.
>
>     \*    \*    \*
>
> This Court cannot review the propriety of Judge Carr's decision to transfer this case to the Northern District of Illinois. The Court need not, however, review Judge Carr's decision in order to grant the pending motion to transfer. Judge Carr's order left no question that he decided to transfer this case so the parties would have an opportunity to consolidate *Russell* with *McKersie.* No such consolidation will ever occur. Judge Aspen's order denying relatedness thus frustrates the original purpose of the transfer. This frustration creates an unanticipated change of circumstances that justifies an order transferring this case back to the Middle District of Florida, Tampa Division, where it was originally filed.

685 F.Supp. at 176; *see also Wells*, 115 F.Supp.2d at 1. That is precisely the case here.

NASBP moved for transfer

> to seek consolidation of the NASBP Case with [the Department of Defense Case], which is pending in the District of Columbia and which shares common plaintiffs, common issues of fact and common percipient witnesses with the NASBP Case. Thus, notwithstanding that these two cases involve different defendants and different theories of liability, consolidation pursuant to Fed.R.Civ.P. 42(a) is necessary and appropriate, and ***transfer of the NASBP Case is an indispensable first step toward such consolidation.***

(Emphasis added) That is no longer the case. NASBP no longer seeks full consolidation. Thus, the basis supporting the initial transfer has changed, just as in *Russell*. Re-transfer is appropriate.

Additionally, NASBP suggests that discovery disputes could be subject to inconsistent results if this matter is re-transferred. NASBP, however, fails to offer one example of how this could happen, and the concept of conjuring up potential discovery disputes as a reason to consolidate is illogical. As Scarborough stated in pages 6 through 10 of its opposition, consolidation would complicate, not facilitate discovery.

There is nothing troublesome about this Court overseeing discovery issues in the Privacy Act Case and the Middle District of Florida overseeing discovery issues between Scarborough and NASBP. The only party potentially duplicating efforts is Scarborough as the plaintiff in both cases. Scarborough accepts the consequence of any such duplication. Further, relative to federal government documents, detailed regulations are in place such that inconsistent results are unlikely. *See* 32 CRF §516.

NASBP's suggestion that 28 U.S.C. §1407 is permissive ignores the language of the statute. Transfer is permissible - - "such actions may be transferred…" However, the procedure is not - - "such transfers shall be made by the judicial panel on multi district litigation… Simply stated, NASBP intentionally circumvented the evidentiary hearing requirement in §1407. A party that obtained a transfer order (and disrupted a plaintiff's choice of forum) by indicating it was an indispensable step to consolidation for trial and, thereafter, only sought consolidation for discovery should not be rewarded.

Finally, NASBP claims that Scarborough did not proffer in its memorandum the evidence it would have presented at the §1407 evidentiary hearing. Unless this Court sends this matter back to the Middle District and the Middle District requires NASBP to comply with §1407, what Scarborough would have done is inconsequential. However, Scarborough could have established, among other things, that consolidation was not required to accommodate NASBP's

3

witnesses because, as non-party witnesses, their appearance for deposition and trial could only be secured by subpoena; that the issues in the two cases are very different; that denying consolidation would have no negative effect on either of the defendants and that there is no reason to interfere with Scarborough's choice of forum.

## CONCLUSION

This case should be re-transferred to the Middle District of Florida as the circumstances originally supporting transfer no longer exist.

Respectfully submitted,

/s/ Michael A. Piscitelli, Esq.
Michael A. Piscitelli, Esq.
D.C. Bar No: TX0034
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, Florida 33301
Phone:  954-728-1270
Fax:  954-728-1271
E-Mail: mpiscitelli@vlplaw.com

Attorneys for Edmund C. Scarborough, International Bonding & Construction Services, Inc., Dr. Larry James Wright, The Underwriter's Group, George James Gowen and First Mountain Bancorp

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to the following:

Peter Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA  01940

781-309-1500; 781-246-0167 Facsimile
Attorneys for Defendant.

Laurence Schor, Esq.
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, DC 20005
202-296-9260; 202-659-3732 Facsimile

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895; 202-514-8780 Facsimile

                /s/ Michael A. Piscitelli, Esq.
                Michael A. Piscitelli, Esq.