IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMUND C. SCARBOROUGH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 1:06-cv-00079-RBW |
| ) | |
| NATIONAL ASSOCIATION OF ) | |
| SURETY BOND PRODUCERS, ) | |
| ) | |
| Defendant. ) | |

**PRIVACY ACT PLAINTIFFS' REQUEST FOR A RULING ON THEIR
MOTION TO SEAL DEFENDANT'S MOTION TO CONSOLIDATE FOR
PURPOSES OF DISCOVERY AND SUPPORTING MEMORANDUM**

Edmund C. Scarborough, *et al.*, Plaintiffs in *Scarborough v. Harvey,* Case No: 05-1427 (RBW) pending in this Court ("Privacy Act Plaintiffs" and "Privacy Act case," respectively), by undersigned counsel and for the reasons set forth below, hereby respectfully request that the Court issue a ruling on Privacy Act Plaintiffs' Motion to Seal Defendant's Motion to Consolidate for Purposes of Discovery and Supporting Memorandum ("Motion to Seal") presently pending before the Court. As grounds for this Request, Privacy Act Plaintiffs state as follows:

I. **PROCEDURAL BACKGROUND**

1. On or about March 7, 2006, Defendant National Association of Surety Bond Producers ("NASBP") filed a Motion to Consolidate for Purposes of Discovery ("Motion to Consolidate") and supporting memorandum of law requesting that the instant case (a defamation action against a private party (NASBP), applying Florida law and first filed in a Florida state court[1]) be consolidated with the Privacy Act case (a violation of privacy action against three

---

[1] The case was later removed to the United States District Court for the Middle District of Florida, Tampa Division, and then transferred to this Court.

Federal agencies brought under the Federal Privacy Act, 5 U.S.C. § 552a) for purposes of discovery.

2. Attached to Defendant NASBP's Motion to Consolidate was a complete and unredacted copy of the Criminal Alert Notice ("CAN") which forms part of the factual basis of Plaintiffs' defamation suit against Defendant, as well as of the factual basis of Privacy Act Plaintiffs' suit against the three Federal agencies.

3. Privacy Act Plaintiffs note that they did not submit a copy of the CAN as an attachment or exhibit to either the Complaint in the instant suit or the complaint in the Privacy Act case, as Plaintiffs consider the CAN to be very damaging to their personal and business reputations and violative of their privacy rights.

4. On March 31, 2006, Privacy Act Plaintiffs filed their Motion to Seal the record in this case. The facts and arguments contained in the Motion to Seal, and subsequent pleadings, are incorporated herein as if fully set forth.

5. The Motion to Seal, filed eight months ago, is pending before this Court. Privacy Act Plaintiffs note that filings in the Privacy Act case containing the CAN or language from the CAN have long been sealed by order of the Court and with the agreement of Government counsel.

6. On April 6, 2006, the Plaintiffs herein joined in the Privacy Act Plaintiffs' Motion to Seal.

7. That same day (April 6), Defendant filed its opposition to Privacy Act Plaintiffs' Motion to Seal.

8. On April 7, 2006, Plaintiffs herein filed their Memorandum of Law in Opposition to NASBP's Motion to Consolidate Discovery and Plaintiffs' Motion and Incorporated

Memorandum of Law to Re-transfer This Case to the Middle District of Florida ("Motion to Re-Transfer"). Plaintiffs argued that consolidation should not be granted as there are no common legal and factual issues between the two cases, and consolidation would only serve to complicate discovery. Additionally, denying NASBP's motion would not affect NASBP adversely, especially not as claimed by NASBP.

9. Also on April 7, 2006, Privacy Act Plaintiffs filed their Opposition to Defendant's Motion to Consolidate.

10. On April 17, 2006, Privacy Act Plaintiffs filed their reply to Defendant NASBP's opposition to their Motion to Seal and, the same day, Plaintiffs herein joined in the reply brief.

11. On May 8, 2006, Defendant NASBP filed its consolidated reply to Privacy Act Plaintiffs' opposition to Defendant's Motion to Consolidate and opposition to Plaintiffs' Motion to Re-Transfer.

12. On May 23, 2006, Plaintiffs herein filed their reply to Defendant's opposition to their Motion to Re-Transfer.

13. All motions referenced above are pending before this Court.

## II. ARGUMENT

Since March 2, 2006, this Court has sealed the parties' filings in the Privacy Act case containing the CAN and/or any language from the CAN. Counsel for the Government concurred in Privacy Act Plaintiffs' motion to seal their filings and has submitted its own filings under seal. Counsel for the Government recognized that the main factual basis for the Privacy Act case was the CAN and information contained therein, all of which was disputed by Privacy Act Plaintiffs. In fact, counsel for the Government has certified in a letter that, *inter alia*, it was not the intent of the Department of the Army or any subordinate command that the CAN be made public.

This Court issued orders sealing the Privacy Act case filings containing or quoting the CAN pending resolution of all issues to prevent further damage to Privacy Act Plaintiffs. Accordingly, it granted Privacy Act Plaintiffs' consent motion to seal in that case.

To prevent irreparable damage from *Defendant NASBP's* publication of the CAN, Privacy Act Plaintiffs promptly moved this Court to seal NASBP's Motion to Consolidate (which includes a copy of the CAN). The Plaintiffs herein, who also have been (and continue to be) damaged by NASBP's (or any other entity's) publication of the CAN, immediately joined in the Motion to Seal. To date, an order to seal the Motion to Consolidate has not issued. Counsel for Privacy Act Plaintiffs has made inquiries with Chambers and has been advised that the Motion to Seal is ripe for a ruling and that a ruling would issue in due course. It has now been several months since that information was received.

Privacy Act Plaintiffs have been and continue to be damaged by the fact that the CAN is publicly available through Defendant's Motion to Consolidate. The latest example of such damage is the publication of a summary of the CAN and some of the damaging language of the CAN in a website calling itself Alabama Against Fraud (http://alabamaagainstfraud.com)[2]. One particular forum page of the website[3] purports to put readers on notice of fraudulent sureties. The first posting on that web page lists the individuals named in the CAN, including a certain Robert Joe Hanson (who has, in fact, been accused of surety fraud) **and** the Privacy Act Plaintiffs (who have never been implicated in fraud other than the Department of the Army's mistaken inclusion of their names in the CAN) with no distinction whatsoever. The posting mentions the instant suit against NASBP as the source of the information and names of alleged fraudulent sureties. It is followed immediately by the entire docket of the instant case. It is

---

[2] Privacy Act Plaintiffs have not yet determined the publisher of this website.
[3] The actual offending page of the website is found at the following URL:
http://alabamaagainstfraud.com/phpBB/viewtopic.php?p=2073&sid=15cf5548777fc

4

important to note that, even as it lists (without distinction) the subjects of the CAN, including Privacy Act Plaintiffs, as known perpetrators of surety fraud and, in doing so, further damages plaintiffs' reputations, the author of the post acknowledges the damage the CAN is causing Plaintiffs. The Alabama Against Fraud website itself notes that: "Needless to say the Criminal Alert damaged Plaintiffs' business." Apparently, the author of the post (who obviously obtained the CAN from NASBP's Motion to Consolidate) has no regard for the fact that Plaintiffs are being damaged, probably because the author assumes that all the individuals listed in the CAN are committing fraud or crimes.

"Alerts" farther down on the same web page report on actions taken by various states against Hanson and affiliated individuals and companies. A printed copy of the entire web page is attached hereto as Exhibit A. Exhibit A does not include copies of the many articles for which links appear on the web page. Those articles further discuss actions related to Hanson and reinforce the impression that Plaintiffs (and Privacy Act Plaintiffs) have committed fraudulent acts.

Together, the mention/inclusion of Plaintiffs and Privacy Act Plaintiffs names in the first forum posting of the referenced web page, along with Hanson's and related entities' names and the subsequent "alerts" and linked articles create the impression to any reader that Plaintiffs (and Privacy Act Plaintiffs) are perpetrating crimes or fraud. Nothing could be farther from the truth. As will be shown, those of the Privacy Act Plaintiffs who knew Hanson long ago cut all ties to Hanson and have not dealt with him since. In fact, Plaintiffs themselves have been damaged by Hanson. Plaintiffs' inclusion in the CAN is a classic case of "guilt by association."

Allowing the CAN to remain in the public domain, as it is with its attachment to and inclusion in Defendant's unsealed Motion to Consolidate, allows individuals and entities whose

business interests are adverse to Plaintiffs' (and there are many) to spread it around and perpetuate the impression that Plaintiffs are doing something wrong in continuing to pursue their legitimate individual surety business. By way of background, Plaintiffs' business is to provide individual surety bonds to small, emerging, minority and/or disadvantaged businesses and to larger businesses with limited bonding capability as an alternative to corporate surety bonds available only from a relatively few, powerful surety companies. Relatively few small, emerging, minority and/or disadvantaged businesses qualify for corporate surety bonds and, therefore, for government contracting opportunities.

Plaintiffs' entry into the surety market, of course, has caused them to incur the wrath of the corporate sureties and their lobbying associations, the NASBP and The Surety and Fidelity Association of America ("SFAA"). These associations and their clients are afraid of competition even while they refuse to offer bonds to small, emerging, minority and/or disadvantaged business with limited assets and/or less than sterling balance sheets. These associations have been active in lobbying against State legislation "opening up" State, county and municipal contracts to individual surety bonds,[4] and in maligning individual sureties in contractor publications. An example of the latter tactic is the *Construction Executive* article, authored by the Vice President of Government Affairs for SFAA, attached as Exhibit B hereto.

By now, it should be clear that what is happening is an all out push by NASBP, SFAA and related entities to push emerging individual sureties such as Plaintiffs off the competitive field. They have shown a willingness to do this by any expedient method, including but not

---

[4] In this regard, Privacy Act Plaintiffs note that the Maryland State Legislature just recently unanimously passed a law specifically mandating that state agencies allow contractors to submit bid, payment and performance bonds issued by individual sureties for government contracts. Edmund Scarborough was involved in the effort to gain passage of this legislation. NASBP and its lobbyists were the driving force behind the failed attempt to derail the legislative effort. In their attempt to kill the bill, NASBP's chief lobbyist produced the CAN to the chairman of the state committee considering the bill.

limited to smearing Plaintiffs' reputations by distribution of the CAN. Allowing the NASBP's Motion to Consolidate to remain unsealed such that the CAN is available to others makes it more likely that the CAN can be used for other anti-competitive efforts. Without a doubt, it results in further damage to Plaintiffs' personal and business reputations.

### III. CONCLUSION

For all the above reasons, Privacy Act Plaintiffs respectfully request and entreat the Court to issue an order sealing Defendant NASBP's Motion to Consolidate.

Respectfully submitted,

_____/s/_____
Laurence Schor, Esquire
D.C. Bar No. 11494
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
lschor@msadlaw.com
*Attorney for Edmund C. Scarborough and George J. Gowen*


_____/s/_____
Geoffrey T. Keating, Esquire
D.C. Bar No. 25239
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260
(202) 659-3732  (fax)
gkeating@msadlaw.com
*Attorney for Dr. Larry J. Wright*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was sent via e-filing this 3rd day of January 2007, to the following:

Mike Piscitelli, Esq.
Vezina, Lawrence & Piscitelli, P.A.
350 East Las Olas Blvd., Suite 1130
Fort Lauderdale, FL 33301
*Attorney for Plaintiffs in Edmund C. Scarborough v.*
*National Association of Surety Bond Producers,*
Case No: 1:06-cv-00079-RBW

Peter Kober, Esq.
Litchfield Cavo, LLP
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
*Attorney for Defendant National Association*
*of Surety Bond Producers*

Kevin K. Robitaille, Esq.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
10th Floor
Washington, D.C. 20530
(202) 353-9895
(202) 514-8780 (facsimile)
*Attorney for Defendants Francis J.*
*Harvey, et al., in Scarborough v.*
*Harvey,* Case No: 05-1427 (RBW)

                                                           /s/
                                                  Laurence Schor